MARK CENTURY CORPORATION, a cor-
poration, Appellant,

v.

TIGER BROADCASTING COMPANY, a
corporation, Respondent.

No. KCD 26420.

Missouri Court of Appeals,
Kansas City District.

May 6, 1974.

------◆------

Harry T. Limerick, Jr., Columbia, for appellant.

Terence C. Porter, Columbia, for respondent.

Before PRITCHARD, P. J., and SOMERVILLE and SWOFFORD, JJ.

PER CURIAM.

This action began when appellant, plaintiff below, filed suit claiming that a lease agreement existed between it and the defendant, and that said lease agreement had been breached by the defendant. Defendant was the operator of radio station KTGR in Columbia, Missouri. By the terms of the lease agreement, plaintiff was to lease to defendant a radio library and program service entitled "Radio a la Carte". The lease agreement was dated October 9, 1967, and was for a period of 156 weeks beginning December 1, 1967. For this service, the defendant was to pay plaintiff $7,020.00, in 36 equal monthly installments.

The petition alleged that plaintiff had fully performed all of the conditions of said lease agreement, but that defendant had failed and refused to make the payments as provided therein. Plaintiff prayed for judgment against defendant in the sum of $7,020.00.

The defendant, by its answer, denied the allegations of the plaintiff's petition, and, among other things, affirmatively stated that the lease agreement was not signed by anyone representing or acting for defendant with defendant's consent or authority.

The case was tried before the court sitting without a jury. The court found the issues in favor of the defendant. Plaintiff's after trial motions to set aside the judgment and enter a judgment for the plaintiff and its motion for new trial were overruled. This appeal followed.

Plaintiff's theory at trial and on appeal, as revealed by its jurisdictional statement and the points asserted in its brief, was that Timothy Daniels, an employee of defendant, had *implied* authority to execute the lease agreement on behalf of defendant. Implied authority is grounded on actual authority and consists of those incidental powers which are reasonably necessary and proper to effectuate the expressly conferred authority, and which are not known to be prohibited. Prior v. Hager, 440 S.W.2d 167 (Mo.App.1969); Wyler Watch Agency v. Hooker, 280 S.W.2d 849 (Mo.App.1955). Frequently, the incidental powers reasonably necessary to accomplish the purpose or purposes of the expressly conferred authority are not specifically delineated. Consequently, the law implies authority to do those things reasonably necessary to accomplish the purpose of the expressly conferred authority. Vaughn v. Great American Insurance Company, 390 S.W.2d 622 (Mo.App.1965); Brede Decorating, Inc. v. Jefferson Bank and Trust Co., 345 S.W.2d 156 (Mo.1961);

Bredel v. Parker-Russell Min. & Mfg. Co., 21 S.W.2d 932 (Mo.App.1929); Murphy et al v. Knights of Columbus Bldg. Co., 155 Mo.App. 649, 135 S.W. 446 (1911). Thus, implied authority is actual authority which the principal intended the agent to have which lacks direct proof, but which is implied or inferred from relevant facts and circumstances as reasonably necessary to accomplish the purpose or purposes of the expressly conferred authority. Wyler Watch Agency v. Hooker, supra; E. C. Robinson Lumber Company v. Lowrey, 276 S.W.2d 636 (Mo.App.1955). It has been said that implied authority properly concerns only the extent of an express authority actually granted. Jeff-Cole Quarries, Inc. v. Bell, 454 S.W.2d 5 (Mo.1970). If no actual authority exists, no authority can be implied. Prior v. Hager, supra.

The law ordinarily indulges no presumption that agency exists, and the burden of establishing agency rests upon the party by whom it is alleged. Wyler Watch Agency v. Hooker, supra. Thus, it was incumbent upon plaintiff to show the existence of evidence both as to Daniels' expressly conferred authority and facts from which it might reasonably be implied or inferred that defendant intended Daniels to have had authority to execute the contract in question on behalf of defendant because such was reasonably necessary to carry out the purposes of Daniels' expressly conferred authority. E. C. Robinson Lumber Co. v. Lowrey, supra; Baker v. Aetna Casualty and Surety Co., 193 S.W. 2d 363 (Mo.App.1946); Thimmig v. General Talking Pictures Corporation, 85 S. W.2d 208 (Mo.App.1935).

Plaintiff presented only two witnesses, Franklin Charles Beck and Justin John. The testimony of Franklin Charles Beck, executive vice-president and general manager of Mark Century Corporation, was presented by deposition. Beck did not execute the lease agreement for plaintiff and never met Daniels. He testified that he did have two telephone conversations with Daniels prior to the execution of the lease agreement, but had never discussed Daniels' legal capacity. At best, his testimony merely showed he believed that Daniels had authority to enter into the lease agreement with Mark Century Corporation. Justin John, assistant vice-president, Boone County National Bank, testified that the City Business Directory of Columbia, Missouri, listed Daniels as manager of radio station KTGR.

The defendant's evidence affirmatively showed that Louis Shelburne was president and general manager of radio station KTGR, and had held that position at all times here relevant. It was he who did the hiring and firing, approved the bills, signed all the checks, worked with the logging of ads and the selling of ads. It was he who had control of the operation of the radio station. It was he who signed all contracts executed for and on behalf of the radio station. Since the organization of the radio station in 1966, Shelburne had been listed as the general manager in the Standard Rate and Data Publication, a publication which circulates through the radio broadcast industry for the purpose of keeping interested persons informed of facts about the individual stations listed.

The defendant's evidence further showed that prior to June, 1967, Daniels' title and duties were that of program director for defendant. Though Daniels was given the title of station manager in June, 1967, his duties remained the same as they were when he was program director. As program director, his duties were to select the records to be played and to control the air times for the station's announcers. He was not given any duties with respect to hiring or firing of employees, nor was he given any duties with respect to sale of ads for the station. He was never authorized to execute contracts of any kind on behalf of the corporation, or pay corporate bills. It appeared that the lease agreement that Daniels executed with Mark Century Corporation was the only contract he ever ex-

ecuted on the purported behalf of the station.

 The trial court made no specific findings but found the issues in favor of the defendant. Since all fact issues are deemed found in accordance with the result reached [Rule 73.01(b)], the trial court found that Daniels had no implied authority to execute the contract sued on. Appellate review of this action is de novo upon the law and the evidence, due deference being given to the trial court's findings as to controverted factual matter involving the credibility of the witnesses, and the judgment of the trial court will not be disturbed unless it is clearly erroneous. Rule 73.01(d), V.A.M.R. Review of this record reveals that the trial court could have reasonably found that Daniels had no express authority to execute the contract in question. Further, since the evidence clearly showed that Daniels' expressly conferred authority as program director was limited to selecting records and controlling air times for announcers, the trial court could have reasonably found that power to execute the contract in question was not reasonably necessary for Daniels to carry out such expressly conferred authority. Therefore, the trial court could have reasonably found, and it is deemed to have done so, in view of the judgment rendered in favor of defendant, that Daniels had no implied authority to execute the contract in question. The judgment of the trial court was not clearly erroneous and therefore proper.

We do not pass on whether Daniels, having been given the title of station manager, had apparent authority to execute this contract since apparent authority was not pleaded and was clearly not the theory of the case below as demonstrated by plaintiff's jurisdictional statement. Plumlee v. Ramsay Dry Goods Company, 451 S.W.2d 603 (Mo.App.1970); Service Construction Co. v. Nichols, 378 S.W.2d 283 (Mo.App.1964).

The judgment is affirmed.