Gene N. HOLLIS, Petitioner–Respondent,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent–Appellant.

No. 16502.

Missouri Court of Appeals, Southern District, Division Two.

June 12, 1990.

Motion for Rehearing or Transfer to Supreme Court Denied July 2, 1990.

Application to Transfer Denied July 31, 1990.

Bruce B. Brown, Roy W. Brown, Brown & Brown, Kearney, for petitioner-respondent.

William L. Webster, Atty. Gen., Jatha B. Sadowski, Sp. Asst. Atty. Gen., Jefferson City, for respondent-appellant.

MAUS, Judge.

The issue in this appeal is the proper venue for filing a petition for trial de novo of an administrative suspension of a driver's license under the Suspension and Revocation Administrative Procedure Act, §§ 302.500 to 302.540. This court holds the exclusive venue for that proceeding is the circuit court of the county where the arrest occurred. The following is a condensation of the facts.

On April 3, 1989, a deputy sheriff in Howell County arrested Gene N. Hollis, respondent, for driving while intoxicated. § 577.010. A BAC Verifer test showed respondent had a blood alcohol content of .145 per cent. The deputy reported he served respondent with a notice of suspension pursuant to § 302.520, but respondent refused to accept a copy and to sign an acknowledgment of that notice. The deputy did not take possession of respondent's driver's license as respondent did not have a license upon him. For that reason the deputy did not give respondent a temporary permit. § 302.520.2. To confirm the suspension, on April 27, 1989, the Director mailed to respondent a notice that his driver's license had been suspended for thirty days effective April 18, 1989. The respondent's request for administrative review was denied because the request was not made within fifteen days of April 3, 1989. He then filed a Petition for Review pursuant to § 302.311 in the Circuit Court of Oregon County, the county of his residence.

■ The Director filed a motion to dismiss primarily based upon two propositions. The first is the failure of the respondent to exhaust his administrative remedies. The second is improper venue. It is not necessary to consider the first proposition. The Director contends the county of arrest is the exclusive venue, citing § 302.535. Respondent contends venue may lie in the county of his residence, citing § 302.311. The trial court overruled the motion. After a hearing, it reversed the action of the Director.

Section 302.311, in part, provides: "In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence in the manner provided by chapter 536, RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked." This section was initially enacted in 1951 as a part of an act "Relating to the licensing of persons operating motor vehicles upon the public highways of this state." (L.1951, p. 678).

Section 302.535, in relevant part, provides: "1. Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court.... The petition shall be filed in the circuit court of the county where the arrest occurred." This section was enacted in 1983 as part of the Suspension and Revocation Administrative Procedure Act. (L.1983, S.B. Nos. 318 and 135). The reasons for placing venue of a de novo hearing which invariably will involve an arresting officer in the county of arrest are obvious.

The principles which establish the proper venue for a petition for review of a suspension or revocation under § 302.500 to 302.-540 are well established.

"Generally, venue in actions against executive heads of departments lies in the county in which their offices are located and their principal duties are performed....

The general rule is subject to specific statutes placing venue elsewhere." *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 106, 107 (Mo. banc 1983).

"The basic issue is which of the two statutes controlled the trial court's jurisdiction. The Legislature has the right to declare that specific circuit courts have

'exclusive jurisdiction on appeal from the orders of administrative agency'. *State ex rel. State Tax Commission v. Luten,* 459 S.W.2d 375[1] (Mo. banc 1970). A specific statute prevails over a general one. *State, etc. v. Dickherber,* 576 S.W.2d 532[1] (Mo. banc 1979). And to the extent two statutes providing for administrative review conflict, the special statute will prevail over the general statute, particularly where the special statute was, as here, enacted later than the general statute. *Laughlin v. Forgrave,* 432 S.W.2d 308[1] (Mo. banc 1968)." *Tuffli v. Board of Ed. of Wentzville, Etc.,* 603 S.W.2d 77, 78 (Mo.App.1980). Also see *State ex rel. City of Springfield v. Crouch,* 687 S.W.2d 639, 641 (Mo.App. 1985).

Section 302.535 is the more specific of the two statutes and was enacted later and prevails.

"General rules establishing venue are subject to specific statutes which place venue elsewhere. *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 107 (Mo. banc 1983). Section 508.060 expressly requires that actions filed against a county must be instituted in the circuit court of that county. The language of Section 508.060 is mandatory. *State ex rel. Scott v. Kirkpatrick,* 484 S.W.2d 161, 164 (Mo. banc 1972)....

'Improper venue is a fundamental defect; a court which acts when venue is not proper has acted in excess of its jurisdiction'. *Wasson,* 646 S.W.2d at 106. See also, *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 824 (Mo. banc 1979)." *State ex rel. City of St. Louis v. Kinder,* 698 S.W.2d 4, 6 (Mo. banc 1985).

Section 302.535 is mandatory. The Circuit Court of Oregon County acted in excess of its jurisdiction. The judgment of that circuit court is reversed and the petition for review is dismissed.

HOGAN, C.J., and FLANIGAN, P.J., concur.