Patricia Wallace JENKINS, Appellant,

v.

DIRECTOR OF REVENUE, State of Missouri, Respondent.

No. WD 46426.

Missouri Court of Appeals, Western District.

July 13, 1993.

Christopher J. Jordan, Jefferson City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rodney P. Massman, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BRECKENRIDGE and HANNA, JJ.

BRECKENRIDGE, Judge.

Patricia Wallace Jenkins appeals from the trial court's judgment upholding the decision of the Department of Revenue (department) suspending the driver's license of Jenkins. Jenkins asserts on appeal that the trial court erred in suspending her driver's license because the department conducted an administrative hearing without proper statutory authority and, thus, lacked jurisdiction to issue an order. The judgment is affirmed.

On October 25, 1991 at approximately 10:30 p.m., Jenkins was arrested in Jefferson City, Missouri, for driving while intoxicated, § 577.010, RSMo 1986.[1] The arresting officer testified that Jenkins exhibited indicia of intoxication and performed poorly on field sobriety tests. Jenkins was given a breath analysis test which revealed a blood alcohol content (BAC) of .16 percent. Due to Jenkins' BAC being over .13 percent, the arresting officer took possession of Jenkin's driver's license and issued a temporary driving permit which was valid for fifteen days. The arresting officer also issued Jenkins a "Notice of Suspension/Revocation of Your Driving Privilege" which stated that the effective date of suspension was November 9, 1991, fifteen days from the issuance of the notice. Because the original notice issued by the arresting officer did not contain the date of issuance, the Director sent Jenkins a new notice of suspension/revocation and a new temporary driving permit on October 31, 1991.

Jenkins requested an administrative hearing on November 1, 1991 in a letter written by her attorney, F. Randall Waltz, III, part of which stated:

It would be most appreciated if you would send me a copy of the notice of hearing including the date, time and location. Im (sic) scheduling same it would also be appreciated if you would consider my following conflicts which are: November 4, 5, 6, 7, 8, 12, 14, 18, 21; December 6, 9, 10, 12, 13, and 16. All other dates except one or two days in early January are currently open. Would it be possible to have this hearing scheduled at the Truman Building since this was a Jefferson City arrest and the underlying court case is scheduled in the Jefferson City Municipal Division of the Cole County Circuit Court even though the arrest was actually in Callaway County?

The Director sent Jenkins a letter on November 20, 1991 advising her that the administrative hearing was scheduled for December 12, 1991 at 2:30 p.m. in the Truman Building in Jefferson City.[2] Chris Jordan, Waltz's law partner, represented Jenkins at the hearing on December 12, 1991. Hearing Officer White opened the hearing and, pursuant to Jordan's request, began to specify what documents in the file she considered relevant. One of these documents was the letter from Waltz described above. Hearing Officer White noted in reference to the letter that "[t]his is kind of unusual, but not that unusual. Sometimes we hold hearings not in the county of arrest if it is mutually agreeable between both parties." Jordan then stated that Jenkins did not agree to hold the hearing in Cole County and that Waltz's letter was not a request that the hearing be held in Cole County, but rather a request for an opinion as to whether the hearing could be held in Cole

---

1. All statutory references are to Revised Missouri Statutes 1986, unless otherwise indicated.

2. Jefferson City is located in both Cole County and Callaway County. The arrest was made in Callaway County. The hearing was originally scheduled in Cole County.

County. Jordan argued that § 302.530.3 requires the hearing to be conducted in the county of arrest.

Hearing Officer White agreed to reschedule the hearing in Callaway County. Jordan objected and argued that the action should be dismissed since the hearing had already begun in Cole County. Hearing Officer White terminated the hearing and continued the case to be rescheduled for hearing in Callaway County.

An administrative hearing was held on March 6, 1992 in Callaway County. The hearing officer upheld the suspension of the driver's license of Jenkins in a decision on March 18, 1992. Jenkins filed a petition for trial de novo in the Circuit Court of Callaway County on March 25, 1992. A trial de novo was held on May 13, 1992. The trial court issued findings of fact and conclusions of law sustaining the suspension of the driver's license of Jenkins on May 20, 1992. Jenkins filed a timely appeal on June 8, 1992.

Jenkins argues in her Point I that the trial court erred in sustaining the department's suspension of her driver's license because the department conducted an administrative hearing without proper statutory authority. Jenkins asserts that the department lacked jurisdiction to issue any valid determination necessary to suspend her license and that, as a result, her driving privileges should have been reinstated by the trial court.

■ An administrative agency possesses only such jurisdiction or authority as it has been granted by the legislature. *Livingston Manor v. Dept. of Social Serv.*, 809 S.W.2d 153, 156 (Mo.App.1991). If an agency has not been granted the statutory power to consider a matter, then it cannot acquire subject matter jurisdiction over the matter. *Id.* The issuance, suspension and revocation of driver's licenses by the department are administrative functions derived from the state's police power to regulate driving for the protection of the public's welfare and safety. *Tuggle v. Director of Revenue*, 727 S.W.2d 168, 171 (Mo.App.1987). The legislature, in § 302.-505, RSMo Cum.Supp.1992, specifically conferred authority upon the department to suspend and revoke driver's licenses in cases of driving while intoxicated. Section 302.505, RSMo Cum.Supp.1992, authorizes the department to suspend or revoke a driver's license when the requisite concentration of alcohol is evident in the license holder's blood or breath. *Collins v. Director of Revenue*, 691 S.W.2d 246, 252 (Mo. banc 1985). Section 302.505.2, RSMo Cum.Supp.1992, requires that the department make its determination based on the report of the arresting officer and the breathalyzer test results. *Id.* This determination is final unless the person requests an administrative hearing within fifteen days in accordance with § 302.530.1.

■ Before reaching Jenkins' argument that the trial court erred in upholding the suspension of her driver's license, this court must examine whether, upon review of the suspension, Jenkins may raise issues arising from the administrative hearing. The legislature in the Suspension and Revocation Administrative Procedure Act, §§ 302.500–302.541, set forth an orderly process for review of the suspension or revocation of a driver's license in which an administrative hearing is conducted by the department prior to a trial de novo before the circuit court. *Dove v. Director of Revenue*, 704 S.W.2d 713, 715 (Mo.App.1986). Under this statutory scheme, an administrative hearing must have been requested and held by an agency with the authority to do so and an adverse decision issued before a petition for trial de novo can be granted. *Marsala v. Director of Revenue*, 793 S.W.2d 492, 494 (Mo.App.1990).

■ Section 302.535.1 specifies that the trial de novo shall be conducted according to the Missouri rules of civil procedure and not as an appeal of an administrative decision. The case law indicates that the trial de novo, although in theory an appeal of the administrative hearing, is an original proceeding and is not an exercise of review jurisdiction. *Kenagy v. Director of Revenue*, 719 S.W.2d 488, 490 (Mo.App.1986); *Dove*, 704 S.W.2d at 715. At the trial de novo, the parties are allowed to present new evidence, change trial strategy and

confront adverse witnesses again without any restraints imposed by the prior administrative proceedings. *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 24–25 (Mo. banc 1991). The trial court is not to consider or base its decision upon the evidence presented at the administrative hearing or the findings of the hearing officer. *James v. Director of Revenue*, 767 S.W.2d 604, 610 (Mo.App.1989); *Kenagy*, 719 S.W.2d at 490.

■ Although the nature of the trial court's review upon trial de novo is well-established, whether administrative hearing errors may be raised in an appeal subsequent to the trial de novo has not been addressed in the context of the Suspension and Revocation Administrative Procedure Act, §§ 302.500–302.541. This court finds persuasive the interpretation of the Motor Vehicle Financial Responsibility Law, §§ 303.010–303.370, which is based upon a statutory scheme similar to the Suspension and Revocation Administrative Procedure Act. The Motor Vehicle Financial Responsibility Law grants the Department of Revenue authority to suspend or revoke driver's licenses for failure to maintain motor vehicle insurance in accordance with the laws of Missouri. The case law interpreting the Motor Vehicle Financial Responsibility Law indicates that because the trial court's review of the department's administrative decision is a de novo appeal, any subsequent appeal is from the circuit court's judgment rather than from the administrative decision. *Martens v. Director of Revenue*, 819 S.W.2d 778, 780 (Mo.App. 1991); *King v. Director of Revenue*, 805 S.W.2d 357, 358 (Mo.App.1991). Issues arising out of the administrative hearing are, therefore, not to be considered at the trial de novo or thereafter on appeal.

■ This court adopts the approach utilized by the Motor Vehicle Financial Responsibility cases, for use in the context of the Suspension and Revocation Administrative Procedure Act, that administrative hearing issues are not to be reviewed during the trial de novo or in subsequent appeals. Because the trial de novo affords the parties a broader right of review than

is required by the state Constitution, *Jarvis*, 804 S.W.2d at 25, this approach does not violate the litigant's right to review. A trial de novo affords a litigant more process than he or she would have received if, rather than a trial de novo, the statute authorized direct review of the administrative hearing officer's decision. *Id.* Deficiencies in the administrative hearing do not require review because the trial de novo is an original proceeding.

■ There is one obvious exception to the rule adopted by this court that administrative hearing issues are not to be raised at the trial de novo or thereafter on appeal. It is well-established in Missouri that jurisdiction may be asserted at anytime and during any stage of the proceedings. *State Tax Com'n v. Administrative Hearing*, 641 S.W.2d 69, 72 (Mo. banc 1982). Since the trial court's jurisdiction is derived from the jurisdiction of the administrative agency, the parties may contest the agency's jurisdiction at any level of the review process. Because Jenkins raises what she characterizes as a jurisdictional issue, this court must review her claim to determine whether it is valid.

Jenkins argues that the department erred in initially scheduling the hearing in the wrong county and then transferring it to a different county. Jenkins asserts that the department's error was jurisdictional and that by initially scheduling the hearing in Cole County, the department lost jurisdiction and should have dismissed the case rather than transferring it to Callaway County. Jenkins argues that the trial court erred in finding that the agency had jurisdiction to conduct the administrative hearing and, thus, should not have affirmed the suspension of her driver's license.

■ The statute sets forth the procedures through which jurisdiction is conferred. Jenkins requested an administrative hearing within the statutory time limit and with the agency specified in the statute. Jenkins' request gave the department jurisdiction to conduct an administrative hearing. Once jurisdiction is validly acquired, the department retains jurisdiction

over the case until a final judgment has been rendered. *See Sheets v. Labor & Indus. Rel. Com'n,* 622 S.W.2d 391 (Mo. App.1981). For a decision to be final, the agency must have arrived at a terminal, complete resolution of the case. *Dore & Assoc. Contr. v. Dept. of Labor,* 810 S.W.2d 72, 75–76 (Mo.App.1990). An agency order is not final if it is subject to recall, revision or reconsideration by the agency or if it is tentative, provisional or contingent. *Id.* at 76. After the department has issued its final judgment, the aggrieved party may file a petition for trial de novo with the circuit court. If the petition is filed in the correct circuit court, the trial court has jurisdiction.

■ Jenkins argues that by initially scheduling the hearing in the wrong county, the department committed procedural error which caused it to lose its jurisdiction. Jenkins contends that, as a result, the department did not have jurisdiction to terminate the hearing and transfer the case to Callaway County. Jenkins cites *Pool v. Director of Revenue,* 824 S.W.2d 515 (Mo. App.1992), in support of this argument. *Pool* involved a driver's license administrative suspension for driving with excessive blood alcohol content. After an administrative hearing in Clay County, the county of arrest, the hearing officer sustained the suspension. Pool incorrectly filed an application for trial de novo in the Circuit Court of Jackson County when he should have filed the application in the Clay County Circuit Court. After the Circuit Court of Jackson County transferred the cause to the Clay County Circuit Court, due to a lack of subject matter jurisdiction, the Clay County Circuit Court reversed the suspension and reinstated Pool's license. *Id.* at 516. On appeal, this court vacated the trial court's order and reinstated the suspension because the Circuit Court of Jackson County lacked subject matter jurisdiction and could only dismiss the case but not transfer it. *Id.* at 517.

The instant case is distinguishable from *Pool.* The case at hand involves the administrative hearing phase of the process rather than the trial de novo. The statutory filing procedures through which jurisdiction is conferred differ from the trial de novo and the administrative hearing. Pool did not file his petition for trial de novo in the county of arrest, which is the correct place for filing as designated by the statute. As a result, the trial court never acquired jurisdiction. In the instant case, however, the department acquired jurisdiction to conduct the administrative hearing when Jenkins properly filed her request with the agency within the statutory fifteen-day time limit.

Jenkins also cites *Hollis v. Director of Revenue,* 792 S.W.2d 44 (Mo.App.1990), to support her contention that the hearing officer lacked jurisdiction to transfer her case to Callaway County. Jenkins relies on the following language from *State ex rel. Wasson v. Schroeder,* 646 S.W.2d 105, 106 (Mo. banc 1983), which was quoted in *Hollis:* "Improper venue is a fundamental defect; a court which acts when venue is not proper has acted in excess of its jurisdiction." *Hollis,* 792 S.W.2d at 46. *Hollis* involved the question of the proper venue for filing a petition for trial de novo in an administrative suspension of a driver's license. Hollis failed to follow the specific statutory procedure for judicial review of the department's suspension of his driver's license because he filed in the county of his residence. If the petition for trial de novo is not filed in the county of the arrest, the trial court does not have subject matter jurisdiction and any action taken by the trial court is in excess of its jurisdiction. *Id.* The trial court in *Hollis* lacked jurisdiction to reverse the department's decision. *Id. Hollis* is distinguishable from the instant case. Jenkins filed a timely request for an administrative hearing at the place where the statute specified it should be filed and, thus, the department had jurisdiction.

■ In reviewing to determine whether procedural error caused the department to subsequently lose jurisdiction, this court does not find procedural error. The hearing was initially scheduled in the

wrong county.[3] The hearing officer opened the hearing and discussed some of the documents in the file. Upon Jenkins objecting to the hearing being held in Cole County, the hearing officer terminated the hearing without a final judgment and transferred the case to Callaway County for a hearing. No error resulted because a full administrative hearing was subsequently held in Callaway County and a final judgment was issued by the hearing officer upholding the department's decision to suspend Jenkins' license. Jenkins' argument that the hearing officer lacked authority to transfer the case because the first hearing had already been commenced is akin to the criminal law principle of double jeopardy. Jenkins cites no authority for her position that the concept of double jeopardy is applicable to a civil proceeding.

Because this court finds no error, it is unnecessary to decide whether procedural error which occurs during the administrative hearing is jurisdictional. The department acquired jurisdiction at the time Jenkins filed her request for an administrative hearing. The department did not conduct a hearing in the wrong county as Jenkins alleges because the hearing was terminated and transferred to the correct county where a full administrative hearing was held. Jenkins received the process she was due and the proceedings did not contain error.

The judgment is affirmed.

All concur.

---

3. Since the hearing officer held the hearing in the county of arrest, this court does not reach the issue of whether conducting a hearing in the wrong county is jurisdictional. If it is not jurisdictional, then Jenkins waived her right to claim error in the hearing's location by writing the letter requesting that the hearing be held in Cole County. On appeal, Jenkins cannot complain about an alleged error which her own conduct created. *Reed v. Rope*, 817 S.W.2d 503, 509 (Mo.App.1991). If conducting the hearing in the wrong county is jurisdictional, however, Jenkins cannot waive her right to object. The parties cannot waive, consent to or agree to confer subject matter jurisdiction. *State Tax Com'n*, 641 S.W.2d at 72. Jurisdiction of an administrative agency cannot be acquired by "appearance, application, consent, waiver or by the doctrine of equitable estoppel." *County of Platte v. James*, 489 S.W.2d 216, 218 (Mo.1973).