David Lee ROBINSON, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

No. 23480.

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 20, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

John M. Albright, Moore & Walsh, Poplar Bluff, for respondent.

**JOHN E. PARRISH, Presiding Judge.**

This is an appeal by the Director of Revenue (the director) of a judgment denying the director's claim that an earlier judgment was void. The earlier judgment directs the Department of Revenue to remove from the driving record and driving license of David Robinson (petitioner) any reference to an administrative suspension that resulted from an arrest during which petitioner was determined to have driven an automobile when he had an excessive

blood alcohol content. *See* § 302.505.[1] The challenged judgment directed that "said administrative suspension shall be stricken and held void." This court reverses and remands with directions.

Petitioner is a Tennessee resident. He was arrested in Butler County, Missouri, May 15, 1998, for driving while intoxicated (DWI). *See* § 577.010, RSMo 1994. He was administered a breath test that showed he had blood alcohol content of .177%. On June 10, 1999, petitioner filed the action that produced this appeal in the Circuit Court of Butler County. He asserted that following his DWI arrest, the Missouri Department of Revenue assigned him a Missouri driver's license number and entered an alcohol suspension effective May 31, 1998; that as a result he would not be allowed to renew his Tennessee license without complying with various special requirements. Petitioner claimed Tennessee would require him to comply "with a SATOP program, SR–22 and insurance" in order to renew his license.

The legal file component of the record on appeal shows petitioner's case was set for trial August 11, 1999, in the Associate Circuit Judge Division of the Circuit Court of Butler County. The trial court's docket sheet reflects the case was called on that date and "[s]tipulation filed." It shows judgment entered that date.

The legal file includes a copy of a stipulation signed by the prosecuting attorney of Butler County and by petitioner's attorney.[2] It consists of an introductory paragraph and three numbered paragraphs:

Come now the parties, by and through their attorneys, and hereby stipulate that the matters, things and allegations

---

1. References to statutes are to RSMo Cum. Supp.1997, unless stated otherwise.

2. The copy of the "[s]tipulation" that appears in the legal file does not reflect a "date-file" stamp. Petitioner has filed no additional parts of the record in response to the legal file provided by the director as permitted by Rule 81.12(c), nor asserted any challenge to the accuracy of the legal file submitted by the director. The clerk's certificate does not

identify specific documents in the legal file as being part of the trial court record, but characterizes what has been filed in this court as "the original 'Legal File.'" There having been no challenge to the accuracy of the legal file, this court considers the copy of the "[s]tipulation" that is included in the legal file as an accurate copy of what was filed in the trial court.

contained in the Petitioner's Petition are true in that,

1. The Petitioner was never afforded a right to contest the BA test.

2. That the Petitioner is a resident of the State of Tennessee and has completed all requirements imposed by the Court attendant to his plea of guilty to the charge of driving while intoxicated.

3. It is further stipulated that law enforcement officers failed to follow the proper procedures as outlined by the statutes and the Missouri Health Department Rules and as such, that the Petitioner's results of the breathalyzer were inaccurate and unreliable.

The judgment recites, "[B]y Stipulation the Court finds the matters, things and allegations contained in Petitioner's Petition are true." It directs the Department of Revenue to remove "any reference to an administrative suspension as a result of a blood alcohol level" from petitioner's driving record and driver's license and directs and declares the administrative suspension "stricken and held void."

On December 8, 1999, the director filed a motion to set aside the August 11, 1999, judgment. The motion was filed pursuant to Rule 74.06. The trial court entered judgment February 20, 2000, denying the motion.

The director presents one point relied on. It asserts the trial court erred in setting aside the director's suspension of petitioner's driving privileges because "1) [petitioner] failed to exhaust his administrative remedies by not timely seeking administrative review of the suspension or, alternatively, 2) [petitioner's] petition fails to allege the date he did receive notice of the suspension and [petitioner] did not otherwise offer any evidence to prove that he timely filed the petition after he did receive notice of the suspension; or, finally, 3) [petitioner's] petition, if filed under the authority of § 302.311, RSMo 1994, was filed in the wrong venue."

The point relied on alleges error in granting the August 11, 1999, judgment. This appeal, however, is an appeal of the February 20, 2000, judgment that denied the director's motion to set aside the earlier judgment. The argument portion of the director's brief makes clear that the point relied on is intended to challenge the February judgment. This court will consider the point relied on in that light.

### Administrative Remedy–Suspension per § 302.505

■ The first part of the director's allegation of trial court error asserts that petitioner failed to exhaust his administrative remedies by not timely seeking administrative review of the suspension of his Missouri driving privileges. The director asserts the trial court did not have jurisdiction to grant relief because of this failing.

The basis for the suspension of petitioner's Missouri driving privileges was § 302.505. It requires the Department of Revenue to suspend or revoke the license of any person arrested on probable cause to believe he or she was driving a motor vehicle while the alcohol concentration in the person's blood, breath or urine was ten-hundredths of one percent or more by weight. That determination is made on the basis of a report filed by the arresting officer pursuant to § 302.510. Missouri driving privileges afforded nonresidents are subject to suspension on the same basis as those of Missouri residents. § 302.150, RSMo 1994.

Section 302.525.1, RSMo 1994, provides that the license suspension is effective 15 days after the person receives notice of the suspension as provided in § 302.520, RSMo 1994, or is deemed to have received notice by mail as provided in § 302.515, RSMo 1994. Section 302.520.1 states that an arresting officer is to serve notice on the arrested person, on behalf of the Department of Revenue, that the person's Missouri driving privileges are suspended. The notice is required to be in a form that

permits the arrested person to sign the original of the form as evidence of its receipt. § 302.520.2. The notice is to contain a detachable form that may be used by the person arrested to request a hearing. *Id.* "Signing the hearing request form and mailing such request to the department shall constitute a formal application for a hearing." *Id.* A copy of the completed notice is required to be submitted by the arresting officer to the Department of Revenue. § 302.520.3.

Section 302.515, RSMo 1994, applies to situations in which the department determines an arrested person's Missouri driving privileges are to be suspended or revoked pursuant to § 302.505, but where the notice of suspension or revocation required by § 302.520 was not given by the arresting officer. In those instances "the department shall issue a notice of suspension or revocation." § 302.515.1, RSMo 1994. The notice is to be mailed to the last known address of the person arrested as shown by the department's records. § 302.515.2, RSMo 1994. It is deemed to have been received by the arrested person three days after mailing unless returned by postal authorities. *Id.* A notice sent pursuant to § 302.515.1, RSMo 1994, must "clearly specify the reason and statutory grounds for the suspension or revocation, the effective date of the suspension or revocation, the right of the person to request a hearing, the procedure for requesting a hearing, and the date by which that request for a hearing must be made." § 302.515.3, RSMo 1994.

The director relies on *Marquart v. Director of Revenue,* 896 S.W.2d 716 (Mo. App.1995), for the proposition that the trial court lacked jurisdiction to grant the relief petitioner sought because petitioner had not exhausted administrative procedures prescribed by § 302.530. *Marquart* explains:

Generally, before a party can seek a court's jurisdiction, he or she must have exhausted all available administrative remedies. *Marsala v. Director of Revenue,* 793 S.W.2d 492, 495 (Mo.App. E.D. 1990). RSMo §§ 302.500–.540 provides an orderly procedure for review of license suspension cases, wherein an administrative hearing is conducted by the Department of Revenue prior to a trial de novo in circuit court. *Jenkins v. Director of Revenue,* 858 S.W.2d 257, 260 (Mo.App. W.D.1993). The Western District has stated:

Under this statutory scheme, an administrative hearing must have been requested and held by an agency with the authority to do so and an adverse decision issued before a petition for trial de novo can be granted.

*Id.* Failure to timely request an administrative hearing deprives the trial court of subject matter jurisdiction over the petition for review and renders any action taken by the court null and void. *Darr v. Director of Revenue,* 877 S.W.2d 697, 699 (Mo.App. E.D.1994).

*Id.* at 717.

The right to request administrative review is granted "[a]ny person who has received a notice of suspension or revocation." § 302.530.1. The record on appeal does not establish that petitioner received notice of a suspension of his Missouri driving privileges.[3] If no notice was given, there was no suspension.[4] Under those

---

3. The petition filed in the trial court alleged that "without any notice to Petitioner" he was assigned a Missouri driver's license number and "an alcohol suspension" was entered effective May 31, 1998. Suggestions in support of the director's motion to set aside the trial court's judgment state that the arresting officer gave petitioner "Notice of Suspension/Revocation." However, the copy of the form used for that purpose that is included in petitioner's purported Missouri Driver Record in the legal file is not signed by petitioner although the form has a place for signature by the person arrested to acknowledge its receipt from the arresting officer.

4. License suspension or revocation based on § 302.505 becomes effective 15 days *after giving notice* to the person whose driving privileges are the subject of that action. *See* § 302.525.1, RSMo 1994.

circumstances, no administrative remedy existed. The director's claim that the trial court's action was erroneous because petitioner did not exhaust administrative remedies is denied.

The second (and alternative) part of the director's allegation of trial court error argues the trial court's failure to set aside the August 11, 1999, judgment was erroneous because petitioner did not allege the date he received notice of suspension or otherwise offer evidence to prove the timely filing of a petition for review. This court finds no merit in that claim.

### Venue

The director's third assertion is that if this case were not filed as a challenge to an administrative suspension pursuant to § 302.535, it was not filed in a proper county; that, therefore, the Circuit Court of Butler County had no jurisdiction to render judgment. The director premises this argument on petitioner's claim that the Butler County action was commenced under § 302.311, RSMo 1994, being "a general statute that addresses the procedures for appealing the suspension or revocation of a driver's license." *Gehrs v. Director of Revenue*, 965 S.W.2d 360, 362 (Mo.App.1998).

Petitioner's argument that § 302.311, RSMo 1994, was applicable is based on *Gehrs*. Petitioner argues that *Gehrs* permits him to seek judicial review of the director's actions in suspending his Missouri driving privileges without resorting to the administrative review requirements of § 302.530 because the director did not notify him of the suspension. The fallacy in petitioner's argument lies in the difference in the facts of this case and the facts in *Gehrs*. The cases present different issues.

In *Gehrs*, unlike this case, the record revealed that the arresting officer notified the driver that his license would be suspended. This occurred the date of the driver's arrest as prescribed by § 302.520. Mr. Gehrs, the driver, requested an admin-

istrative hearing. The hearing was held and a decision rendered adverse to Mr. Gehrs. Mr. Gehrs did not file a request for trial de novo within the time prescribed by § 302.530.7. He contended the Department of Revenue had not mailed a copy of the decision rendered in the administrative hearing to his attorney of record. The trial court in *Gehrs* held it was irrelevant whether this had occurred. The Eastern District of this court found that failure to mail a copy of the Findings of Fact and Conclusions of Law to the attorney was contrary to applicable administrative regulations. It held that, under those circumstances, the expiration time for filing a request for trial de novo specified by § 302.530.7 did not preclude further review. Under those facts, *Gehrs* proclaimed the aggrieved person could proceed under § 302.311, RSMo 1994.

There is no issue in this case about whether notice of the results of an administrative hearing was given. There was no administrative hearing. Petitioner's reliance on *Gehrs* is misplaced.

Petitioner further argues that venue was proper in Butler County in view of this court's holding in *Hollis v. Director of Revenue*, 792 S.W.2d 44 (Mo.App.1990). *Hollis* was an action seeking trial de novo of an administrative suspension of a driver's license. *Hollis* holds the exclusive venue for that proceeding is the circuit court of the county where the arrest occurred. The relief petitioner sought in this case was not trial de novo of an administrative suspension. Petitioner sought removal of a suspension that appears on his Missouri driving record. *Hollis* is of no assistance to him.

Petitioner's action is not a statutory challenge to a suspension of Missouri driving privileges. Venue is not determined by § 302.530.6 (the circuit court in the county where the arrest occurred) or by § 302.311, RSMo 1994 (the circuit court of the county of residence of the applicant or licensee). It is an action for equitable

relief. It seeks removal of a suspension of Missouri driving privileges from the records maintained by the Department of Revenue.[5]

The director has not provided this court with other authority or argument challenging venue. However, this court may consider plain errors affecting substantial rights when it finds that manifest injustice or miscarriage of justice has occurred. Rule 84.13. This court may ascertain whether manifest injustice occurred.

The entry of judgment in this case without the director having knowledge an action was pending denied him the right to assert a defense. It is difficult to perceive a more substantial right than the right of a person against whom an action is brought to appear and be heard.

■ The named defendant in this action is "Missouri Director of Revenue." Venue of actions against executive heads of departments of state government lies in the county in which their offices are located and their principal official duties are performed absent statutes authorizing other suit to be brought in other locales. *State ex rel. Dalton v. Oldham*, 336 S.W.2d 519, 523 (Mo. banc 1960). The venue in an action against the director of revenue, unless otherwise prescribed by statute, is Cole County. *State ex rel. Spradling v. Bondurant*, 501 S.W.2d 527, 529 (Mo.App. 1973).

■ "The primary purpose of Missouri's venue statutes is to provide a convenient, logical, and orderly forum for the resolution of disputes." *State ex rel. Elson v. Koehr*, 856 S.W.2d 57, 59 (Mo. banc 1993). A summons may issue from a court in which venue is not proper. *State ex rel. DePaul Health Center v. Mummert*, 870 S.W.2d 820, 822 (Mo. banc 1994). If the

summons is not itself defective, proper service of that summons results in personal jurisdiction over the defendant served. *Id.* However, "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." § 476.410, RSMo 1994. But, the obligation to raise the issue of improper venue falls upon the party affected. *Mogley v. Fleming*, 11 S.W.3d 740, 746 (Mo.App. 1999).

■ Petitioner argues that the director appeared by counsel at the original proceeding in this case "without raising the issue of service"; that this waived "all issues of service and the adequacy thereof. . . ." The director filed a reply brief in which he points out that no summons issued in this case. He argues that nothing in the record shows he waived service of process; that he had no knowledge of petitioner's lawsuit, actual or constructive. The director characterizes petitioner's appeal as an "argument that the prosecutor can waive the issuance of summons and stipulate the case away by appearing in court when the Director has no actual or constructive knowledge of the lawsuit." He characterizes that argument as "untenable." Under the facts of this case, this court agrees.

The record on appeal does not reveal the manner in which the prosecuting attorney of Butler County became involved in this case. A copy of the trial court's docket sheets (two pages) is included in the legal file. Other than the entry showing the filing of petitioner's initial pleadings and a subsequent stamped entry, "JUDGEMENT [sic] CARD," dated "AUG 20, 1999," the entries are handwritten. Most

---

5. "The nature of a civil cause of action is determined from the allegations in the petition. *Aetna Cas. & Sur. Co. v. Lindell Trust Co.*, 348 S.W.2d 558, 563 (Mo.App.1961). The form of the action is determined from the real nature and substance of the facts alleged, not from what the pleader may have called it.

*Id. See also, Main Street Feeds, Inc. v. Hall*, 975 S.W.2d 227, 233 (Mo.App.1998), and *Bishop v. Goldschmidt*, 436 S.W.2d 47, 50 (Mo.App.1968)." *Curnes v. Equitable Life Assurance Soc.*, 6 S.W.3d 175, 177 (Mo.App. 1999).

of the handwritten entries are difficult to read. Petitioner's initial pleadings were filed June 10, 1999. As best this court can decipher, a June 16, 1999, docket entry reflects the case was called; that "D. Moore"—inferably petitioner's attorney of record, Daniel T. Moore—appeared. The docket entry appears to state that the matter was reset to July 7, 1999. Other words in the docket entry are unreadable.

A July 22, 1999, entry, in different handwriting, states "Copy of docket to Both [sic] parties; case set 7–28–99 @ 9:00 am [sic] for ann—[sic]." A July 28, 1999, docket entry seems to say that the case was called; that "attys" appeared; that an indecipherable announcement was made and the case set for trial "8–11–99." The docket entry includes no name of any attorney who appeared that date. Although places for recording the names of attorneys for the respective parties are provided at the top right side of the docket sheet, no name is shown as attorney for the director. Daniel T. Moore's name appears as attorney for plaintiff or petitioner.

An August 11, 1999, docket entry states, "Case Called [sic]. Stipulation filed." It is followed by a second entry with the same date that appears to include the words "judgment," "as per stipulation," and "file." This court is unable to decipher the other words in the entry.

A December 8, 1999, docket entry reflects the filing of the motion to set aside the judgment that is the basis of this appeal, together with suggestions in support of the motion. A January 5, 2000, docket entry reflects that the case was called. Again, this court cannot decipher most of the words of that entry although it does note the words "[a]rguments heard and briefs filed." As best this court can tell, the docket entry states the matter was taken under advisement. A January 18, 2000, docket entry states the motion to set aside the judgment was overruled.

The director argues that the prosecuting attorney of Butler County was not authorized to enter his appearance for the director because this was not a case involving revocation of a driver's license pursuant to § 577.041.4, RSMo Cum.Supp. 1998, the statute that provides for revocation of driver's license for refusal to submit to a chemical test or tests of breath, blood, saliva or urine to determine alcohol or drug content of a person's blood pursuant to § 577.020. Section 577.041.4, RSMo Cum.Supp.1998, provides for the prosecuting attorney of the county where this occurs to represent the director at a hearing to determine if a basis exists to revoke a driver's license for refusal to take the required test.

The director argues that § 577.041.4, RSMo Cum.Supp.1998, does not authorize a prosecuting attorney to appear on behalf of the director in other cases; that the Department of Revenue has employed legal counsel who represent the director in other types of cases. This court agrees.

An attorney-client relationship is an agency relationship. *Sappington v. Miller*, 821 S.W.2d 901, 904 (Mo.App.1992). The existence of an attorney-client relationship is governed by the same rules that apply to other agency relationships. *Id.*

The general principles defining the authority of an agent are easy to state. Express authority is usually created by the principal telling his agent what to do in express terms. *See, e.g., Hyken v. Travelers Ins. Co.*, 678 S.W.2d 454, 457 (Mo.App.1984). Restatement (Second) of Agency § 7, Comments a and c (1958). Implied authority consists of those powers of the agent implied by or inferred from the authority expressly granted; i.e., those powers incidental and necessary to carry out the express authority. E.g. *Mark Century Corp. v. Tiger Broadcasting Co.*, 509 S.W.2d 737, 738 (Mo.App.1974). Thus, to determine the existence and scope of express and implied authority, the focus is primarily on the principal and agent.

*Barton v. Snellson*, 735 S.W.2d 160, 162 (Mo.App.1987)[footnotes omitted].

The prosecuting attorney was the director's attorney, his agent, in revocation cases arising from refusal to take statutory mandated tests for intoxication. The prosecuting attorney had express authority, via § 577.041.4, RSMo Cum.Supp.1998, to represent the director in those cases. That authority did not extend, either expressly or impliedly, to other cases in which the director was a party. The powers incidental and necessary to carry out duties assigned to a prosecutor by § 577.041.4, RSMo Cum.Supp.1998, do not include representation of the director in other types of cases. The prosecuting attorney of Butler County did not have authority to enter his appearance as attorney for the director in this case.

"[C]ircuit courts are invested with general jurisdiction of suits in equity, and in a proper case are invested with all the powers inherent in an English court of chancery." *Bormann v. City of Richmond Heights*, 213 S.W.2d 249, 252 (Mo.App. 1948). However, "[p]roper service of process ... in the form and manner prescribed by law has ever been a prerequisite to a court's acquiring jurisdiction of the person albeit has jurisdiction of the subject matter of the action." *State ex rel. Craig v. Grimm*, 542 S.W.2d 335, 337 (Mo. App.1976). There has been no showing that summons was served on the director. There has been no showing that summons was issued.

The record before this court does not indicate that the director was properly before the trial court until his motion to set aside the earlier judgment was filed. Denial of the motion to set aside the August 11, 1999, judgment was manifestly unjust. The judgment denying that motion is reversed. The case is remanded with directions that the August 11, 1999, judgment be set aside and that the director be permitted to proceed with all rights of a defendant who would be appearing before the court for the first time following service of process, including the right to object to venue.

SHRUM and MONTGOMERY, JJ., concur.