**Mark Matthew MARSALA, Respondent,**

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. 57660.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 12, 1990.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 26, 1990.

Application to Transfer Denied
Sept. 11, 1990.

William L. Webster, Atty. Gen., Marcie W. Bower, Sp. Asst. Atty. Gen., Van M. Pounds, Jefferson City, for appellant.

James F. Malone, St. Louis, for respondent.

CRIST, Judge.

Director of Revenue appeals an order of the circuit court of St. Louis City reinstating the driving privileges of respondent Marsala which had been suspended by the Director of Revenue. We affirm.

On May 27, 1989, Marsala was arrested in Jefferson County and charged with operating a motor vehicle while in an intoxicated condition in violation of § 577.010, RSMo 1986. He submitted to a chemical breath analysis. His blood alcohol content (BAC) was .214 of one percent. The arresting officer gave him a notice of suspension or revocation of his driving privileges. *See* § 302.520.1.

On June 5, 1989, Marsala, pursuant to § 302.530.1, timely submitted to Director a written request for an administrative hearing to challenge his suspension. On June 14, 1989, Director denied his request for the stated, but wrong, reason Marsala's driver's license had not been surrendered as required by § 302.530.1. Director mailed a notice of loss of driving privileges which stated that effective June 11, 1989, his driving privileges were suspended for 30 days. By letter dated June 19, 1989, Marsala explained to Director that, as stated in arresting officer's verified report of June 6, 1989, his driver's license could not have been surrendered because it was being held in lieu of bail in St. Louis City on an earlier unrelated traffic violation. Marsala again requested a hearing. Director did not respond to this letter.

On July 10, 1989, Marsala petitioned the circuit court in the City of St. Louis pursuant to § 302.311 to review the denial of his request for an administrative hearing and the suspension of his driver's license. That same day the circuit court entered a stay order with regard to the suspension of his driving privilege and set the cause for trial on August 15, 1989.

On July 13, 1989, three days after the circuit court's stay order and two days after Marsala's 30–day suspension was completed, Director sent Marsala a letter stating he was going to honor his request for an administrative hearing. On August 7, 1989, Director sent Marsala notice of a hearing scheduled for August 21, 1989. On August 8, 1989, he requested a continuance for the administrative hearing.

On August 15, 1989, the date set in the circuit court for Marsala's cause to be heard, Director filed motions to dismiss his petition for: (1) mootness (for the stated reason an administrative hearing was now granted); (2) improper venue (for the stated reason Marsala should have petitioned for trial de novo in the circuit court of Jefferson County under § 302.535); and (3) failure to state a claim upon which relief could be granted and lack of subject matter jurisdiction (for the stated reason Marsala's exclusive judicial remedy was for petition for trial de novo pursuant to § 302.535). On August 23, 1989, Director sent notice to Marsala of the rescheduled administrative hearing set for September 13, 1989, in Jefferson County. Also on September 13, 1989, his cause was called in the circuit court in St. Louis City. Both parties appeared in the circuit court in St. Louis City. All of Director's motions to dismiss were denied and the circuit court issued a stay order barring any further administrative action against and concerning Marsala's driving privileges as a result of his arrest on May 27, 1989. The circuit court set his petition for review for October 11, 1989. Since Marsala was at the circuit court in St. Louis City on September 13, 1989, he did not appear for the administrative hearing in Jefferson County. Director entered a default judgment against Marsala in the administrative hearing and sustained the suspension of his driving license.

On October 11, 1989, Director filed in the circuit court a motion to dismiss Marsala's petition for failure to exhaust administrative remedies and for lack of jurisdiction for the stated reason Marsala failed to appear for his administrative hearing. That same day, the circuit court denied Director's motions and upon review of all documents and court files, sustained Marsala's petition for review and ordered his driving privileges reinstated. The circuit court further found Director acted arbitrarily and capriciously in his order of sus-

pension and without compliance with the applicable statutory authority.

Director contends the circuit court in St. Louis City lacked jurisdiction to enter a judgment on Marsala's petition for review in that Marsala's exclusive method of review was provided by §§ 302.500–302.540 and he had failed to comply with that method. Director also contends Marsala failed to exhaust his administrative remedies.

■ The seminal issue is whether the circuit court in St. Louis City had jurisdiction to hear Marsala's petition for review. Director contends his exclusive remedy was to petition for trial de novo under § 302.535 in the circuit court in Jefferson County where the arrest occurred. Section 302.-535.1 states in pertinent part:

Any person aggrieved by a decision of the department may file a petition for trial de novo by the circuit court.... Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536 RSMo. *The petition shall be filed in the circuit court of the county where the arrest occurred....* (Emphasis ours.)

Marsala filed a petition for review pursuant to § 302.311 in the circuit court of St. Louis City. Section 302.311 states in pertinent part:

[i]n the event that a license is suspended or revoked by the director ... *the licensee so aggrieved may appeal to the circuit court of the county of his residence* in the manner provided by chapter 536, RSMo, for review of administrative decisions at any time within thirty days after notice that a license is ... suspended.... Upon such appeal the cause shall be heard de novo and the circuit court may order the director to ... sustain the suspension ... by the director, set aside or modify the same.... (Emphasis ours.)

■ Sections 302.500–302.540 are statutes dealing specifically with the administrative procedure upon suspension or revocation of a driver's license for driving with a BAC of .13 of one percent or more. Marsala filed his petition for review under § 302.311. Section 302.311 is a general statute that deals with the procedure for appealing the suspension or revocation of a driver's license. *See Romans v. Director of Revenue,* 783 S.W.2d 894, 895 (Mo. banc 1990). A specific statute prevails over a general statute. *Tuffli v. Board of Ed. of Wentzville, etc.,* 603 S.W.2d 77, 78[1, 2] (Mo.App.1980). However, when Director denied Marsala an administrative hearing, despite his following the statutory requirements to request a hearing, the specific statutes no longer applied and seeking jurisdiction under the general statute was proper.

*Dove v. Director of Revenue,* 704 S.W.2d 713, 715[4, 5] (Mo.App.1986) sets forth the process to be followed under §§ 302.500–302.540:

The scheme of §§ 302.500–.540 arranges an orderly process for review of driver's license suspension cases, first by an administrative hearing before the Department of Revenue, § 302.530, and thereafter before the circuit court. Section 302.535.

*Id.;* see also *Collins v. Director of Revenue,* 691 S.W.2d 246, 252[11, 12] (Mo. banc 1985). The language of §§ 302.500–302.-540 and the case law interpreting these statutes contemplate that if the petitioner timely requests an administrative hearing and surrenders his driver's license prior to that request, Director will grant a hearing. Upon an adverse decision by the administrative judge, the petitioner can then petition for trial de novo in the circuit court in the county where the arrest occurred. Section 302.535.1.

Here, Marsala followed proper procedures and satisfied all the statutory requirements. However, due to no fault of his own, he was denied an administrative hearing. We cannot say it was error, as a matter of law, for him to file his petition for review under the general statute, § 302.311, where Director failed to follow the statutory procedures for the specific statutes, §§ 302.500–302.540. The circuit court in St. Louis City therefore had jurisdiction to hear his petition for review. This point is denied.

Director also contends Marsala failed to exhaust his administrative remedies. It is axiomatic in administrative law that before a party can seek the jurisdiction of the court, the party must exhaust administrative remedies. *Greater Kansas, etc. v. Division of Employment Security, etc.*, 583 S.W.2d 247, 249[1] (Mo.App.1979).

After Marsala received notice from Director that his hearing was denied because he had not surrendered his driver's license, he wrote a letter to Director stating he had previously surrendered his driver's license and this information was in the arresting officer's verified report. Director did not respond to this letter. He also received notice of suspension of his driver's license beginning June 11, 1989, for 30 days. Thereafter, he petitioned for review in the circuit court.

However, a month after Director denied Marsala's request for a hearing and suspended his driver's license, he sent him notice that he would now grant his request for a hearing.

This action was after Director's initial decision to suspend Marsala's driver's license. This was too late. He had 30 days to petition for review in the circuit court. § 302.311. He was not unreasonable in thinking Director's decision was final when he did not respond to his second request for a hearing. He would have had to have been a mind reader to know Director would a month later decide to stay the suspension and grant a hearing. Director can hardly be heard to complain of Marsala's failure to exhaust administrative remedies because of his failure to properly follow administrative procedures.

Judgment affirmed.

GARY M. GAERTNER, P.J., and REINHARD, J., concur.