Timothy Lee WHITNEY,
Petitioner/Appellant,

v.

DIRECTOR OF REVENUE, STATE OF MISSOURI, Respondent/Respondent.

No. 65423.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 9, 1994.

Michael J. McAvoy, Fenton, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James A. Chenault, III, Sp. Asst. Atty. Gen., Mo. Dept. of Revenue, Jefferson City, for respondent.

REINHARD, Presiding Judge.

Petitioner appeals the trial court's order sustaining the Director of Revenue's (Director) motion to dismiss for failure to exhaust administrative remedies and lack of subject matter jurisdiction. We reverse and remand.

On June 20, 1993, petitioner was arrested in Jefferson County and charged with operating a motor vehicle while in an intoxicated condition, § 577.010, RSMo 1986.[1] At the time of his arrest, petitioner surrendered his driver's license to the arresting officer, who then issued a temporary driving permit and served petitioner with a "Notice of Suspension/Revocation."

Petitioner timely requested an administrative hearing pursuant to § 302.530.1. In a letter dated July 27, 1993, the Director denied his request, stating that petitioner had failed to surrender his license as required by § 302.530.1. On August 19, 1993, petitioner filed his petition for a trial *de novo* under § 302.311. The Director then offered to give petitioner an administrative hearing, but petitioner refused. The Director subsequently filed an amended motion to dismiss for failure to exhaust administrative remedies and lack of subject matter jurisdiction. On Janu-

ary 11, 1994, the trial court granted the motion.

On appeal, petitioner contends the court erred in granting the Director's motion because he had exhausted his administrative remedies, and, therefore, the court had subject matter jurisdiction under § 302.311.

In *Marsala v. Director of Revenue*, 793 S.W.2d 492 (Mo.App.1990), the arresting officer's report reflected that the petitioner could not surrender his license at the time of arrest because it was being held in lieu of bail by St. Louis City on an unrelated traffic violation. Based on the report, the Director notified the petitioner of the suspension of his driving privileges. Subsequently, the Director denied the petitioner's request for an administrative hearing, stating that the petitioner had failed to surrender his license pursuant to § 302.530.1. The petitioner then sent a letter to the Director, explaining that he was unable to surrender his license. The Director did not respond to the letter.

We affirmed the circuit court's decision reinstating the petitioner's driving privileges and held that "the language of §§ 302.500–302.540, [RSMo 1986 & Supp.1993], and the case law interpreting these statutes contemplate that if the petitioner timely requests an administrative hearing and surrenders his driver's license prior to that request, the Director will grant a hearing." *Id.* at 494. We found that when the Director failed to follow proper administrative procedure and grant the petitioner a hearing when he was unable to surrender his license, the Director could not complain of the petitioner's failure to exhaust administrative remedies, and the petitioner properly sought review under § 302.311, the general statute for review of license suspensions. *Id.* at 494–5.

The Director argues that, unlike the petitioner in *Marsala*, petitioner here failed to explain to the Director that his license had been surrendered.[2] Section 302.530.1 states:

---

1. All statutory citations are RSMo 1986 unless otherwise noted.

2. Paragraph seven of the Director's amended motion to dismiss alleged that "surrender of the driver's license or the filing of an affidavit explaining why the license cannot be surrendered,

is a prerequisite for obtaining an administrative hearing pursuant to Section 302.530[,] RSMo. 1986 and Section 302.520 RSMo. (Supp.1992)." The Director did not cite, nor have we found, any authority to support this assertion.

Any person who has received a notice of suspension or revocation may make a request within fifteen days of receipt of the notice for a review of the department's determination at a hearing. If the person's driver's license has not been previously surrendered, it must be surrendered at the time the request for a hearing is made.

The statute does not require petitioner to send an explanatory letter to the Director. Indeed, petitioner here reasonably assumed that the Director's decision regarding his initial hearing request was final, just as the petitioner in *Marsala* "was not unreasonable in thinking Director's decision was final when he did not respond to his second request for a hearing." *Id.* at 495. Thus, because petitioner followed all statutory requirements to request a hearing, he properly sought jurisdiction under § 302.311 after exhausting his administrative remedies.

We note that the Director did not have notice of petitioner's surrender of his license due to the arresting officer's failure to send the license and a copy of the temporary permit to the Director.[3] However, as in *Marsala*, petitioner here satisfied all the statutory requirements, but, through no fault of his own, was denied an administrative hearing. Thus, we reverse the trial court's order granting the Director's motion to dismiss for failure to exhaust administrative remedies and remand for further proceedings.

GARY M. GAERTNER and CRAHAN, JJ., concur.

---

**3.** In her brief, the Director states:

Here, the only thing in the record which reflects that [the Director] could have conceivably had notice that the license had already been surrendered is the temporary driving permit issued to [petitioner] by the arresting officer ..., but there is nothing in the record to reflect whether said permit was forwarded by the arresting officer to [the Director]. He *should* have forwarded a copy of the permit to [the Director], but then again, he *should* have forwarded [petitioner's] license, too. (Emphasis in original.)