Megan Elise NICHOLS, Appellant,

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. WD 61970.

Missouri Court of Appeals,
Western District.

June 30, 2003.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 2, 2003.

Application for Transfer Denied
Oct. 28, 2003.

Bruce B. Brown, Kearney, MO, for Appellant.

Jennifer A. Kopp, Kansas City, MO, for Respondent.

Before HOWARD, P.J.,
LOWENSTEIN and HARDWICK, JJ.

HAROLD L. LOWENSTEIN, Judge.

Appellant Megan Nichols appeals from the judgment of the trial court dismissing Count I of her "Petition for Review and Petition for Trial De Novo." On appeal, Nichols claims that the trial court erred in dismissing Count I and ruling that section 302.311 [1] was not available to her as a remedy of judicial review of the Director of Revenue's decision to suspend her license. She claims that both section 302.311 and section 302.535 provide for judicial review of administrative decisions to suspend a license. Because this court finds that section 302.311 does not provide an alternative means for judicial review, the judgment of the trial court is affirmed.

**1.** All statutory references are to the Revised Statutes of Missouri 2000, unless otherwise

## Factual and Procedural History

On November 23, 2001, Megan Nichols was stopped by a Smithville police officer for a traffic violation. During the stop, the officer observed "indicia of consumption of an alcoholic beverage." A chemical test was administered and Nichols' blood alcohol content (BAC) was found to be .049% by weight. Because Nichols was under the age of twenty-one and had a BAC of .02% or greater, Nichols license was seized pursuant to section 302.505.1. Nichols timely filed a request for an administrative hearing. On March 11, 2002, a hearing was held before a hearing officer. On April 1, 2002, the hearing officer sustained the suspension of Nichols' license.

Nichols subsequently filed a "Petition for Review and Petition for Trial De Novo" in the Circuit Court of Clay County. Count I of the Petition requested "a hearing" under section 302.311. Count II requested a trial de novo under section 302.535 "as a concurrent or an alternative action to" Count I. Counsel for the Director filed an "Entry of Appearance and Answer" in which asked the court to dismiss Count I since Nichols "ha[d] an adequate statutory remedy" under section 302.535 and that remedy was requested under Count II. After "hearing arguments and reviewing the caselaw[,]" the court entered judgment on August 22, 2002, dismissing Count I. On September 17, 2002, Nichols filed a dismissal with prejudice of Count II, her request for review under section 302.535. This appeal follows.

## Standard of Review

█ Both Nichols and Director state that the standard of review in this case is

indicated.

that outlined in *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). This case, however, did not proceed to trial and was decided based upon the motion filed by the Director. While the trial court ruled on the motion to dismiss, a hearing was held on that motion and the issues were briefed.[2] Thus, the motion to dismiss would then be treated as one for summary judgment. *See Deeken v. City of St. Louis,* 27 S.W.3d 868, 870 (Mo.App.2000). Nonetheless, this case involves the issue of statutory construction, which is a question of law, and this court's review is de novo. *Estate of Burford ex rel. Bruse v. Edward D. Jones & Co., L.P.,* 83 S.W.3d 589, 594 (Mo.App.2002).

## Analysis

Nichols' sole point on appeal is that the trial court erred in sustaining the Director's motion to dismiss, ruling that section 302.311 was not available to Nichols as a remedy for judicial review of the Director's decision to suspend her license. She claims that section 302.535 is not the sole legal remedy and section 302.535 does not always provide an adequate remedy. She argues that review under section 302.311 should be allowed since it, and not section 302.535, provides for judicial scrutiny of the administrative hearing officer's decision.

The ultimate question before this court is whether section 302.311 and section 302.535 provide dual remedies for judicial review of the Director's decision to suspend an individual's driver's license. Section 302.535 is part of the Suspension and Revocation Administrative Procedure Act, sections 302.500–302.541, which sets forth "an orderly process for review of the suspension or revocation of a driver's license in which an administrative hearing is con-

ducted by the department prior to a trial de novo before the circuit court." *Jenkins v. Dir. of Revenue,* 858 S.W.2d 257, 260 (Mo.App.1993). This Act specifically relates to suspension and revocation of drivers' license due to excessive blood alcohol content. Section 302.535.1 provides for trial de novo before the circuit court after a person's license has been suspended or revoked. It reads, in part, as follows:

Any person aggrieved by a decision of the department may file a petition for *trial de novo by the circuit court.* The burden of proof shall be on the state to adduce the evidence. Such trial shall be conducted pursuant to the Missouri rules of civil procedure and not as an appeal of an administrative decision pursuant to chapter 536, RSMo. The petition shall be filed in the circuit court of the county *where* the *arrest occurred....*

(Emphasis supplied).

Judicial review under section 302.311 is located in a part of the general provisions relating to drivers' licenses. *See e.g., Marsala v. Dir. of Revenue,* 793 S.W.2d 492, 494 (Mo.App.1990). The relevant portion of section 302.311 reads as follows:

In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved *may* appeal to the *circuit court* of the *county of his residence in* the *manner provided by chapter 536,* RSMo, for the review of administrative decisions at any time within thirty days after notice that a license is denied or withheld or that a license is suspended or revoked....

(Emphasis supplied).

 In construing statutes, "courts must 'ascertain the intent of the legislature

---

**2.** Nichols states in her brief that both she and the Director provided briefs on the issue.

Only Nichols' Suggestions in Opposition are contained in the legal file.

from the language used, to give effect to that intent if possible, and to consider words used in the statute in their plain and ordinary meaning.'" *Andresen v. Bd. of Regents of Mo. W. State Coll.,* 58 S.W.3d 581, 587 (Mo.App.2001) (quoting *Farmers' & Laborers' Co-op. Ins. Ass'n v. Dir. of Revenue,* 742 S.W.2d 141, 145 (Mo. banc 1987)). Where the language of the statute is ambiguous or where "its plain meaning would lead to an illogical result," then this court will "look past the plain and ordinary meaning of a statute." *Id.* Generally, statutes relating to the same subject are considered *in pari materia,* even if those statutes were enacted at different times. *Id.* "Where two statutes concerning the same subject matter, when read individually, are unambiguous, but conflict when read together, [this court] will attempt to reconcile them and give effect to both." *Habjan v. Earnest,* 2 S.W.3d 875, 881 (Mo.App. 1999). If, however, the two statutes cannot be reconciled, then the more specific statute will prevail over the general statute. *Andresen,* 58 S.W.3d at 587; *See also Habjan,* 2 S.W.3d at 881.

■ Although reading the two statutes separately does not present any ambiguity or conflict, when read together certain questions arise. While Nichols argues that reading the two statutes together "reveals no repugnancies," this court does not agree. By Nichols' own argument, the two statutes conflict with respect to the scope of judicial review. In section 302.535, the legislature provided for a trial de novo in an appeal of a license suspension or revocation due to excessive blood alcohol content. Further, it specifically indicated that the trial should not proceed "as an appeal of an administrative decision pursuant to chapter 536." To allow an appeal to proceed under section 302.311,

which is conducted pursuant to Chapter 536, would be contrary to the intent of legislature. The legislature chose to provide a broader scope of judicial review under section 302.535, relating to alcohol-related suspensions or revocations, than under section 302.311. This court in *Dove v. Director of Revenue,* 704 S.W.2d 713, 715 (Mo.App.1986), noted that "Section 302.535.1 expressly withholds from circuit judges the power to review the administrative decision made as to driver's license suspensions after hearings are conducted pursuant to section 302.530." The scope of judicial review under section 302.535 "is an exercise of an original and not a review jurisdiction." *Id.* For this court to automatically allow review of the Director's decision under section 302.311, would be contrary to the intent of the legislature for these types of proceedings. Nichols has provided no showing, that the legislature intended to permit a dual means of judicial review.

Although not addressing the specific question before this court, the Southern District in *Hollis v. Director of Revenue,* 792 S.W.2d 44, 45–46 (Mo.App.1990) also determined that conflicts existed between section 302.311 and section 302.535. There the court determined that the venue provisions contained in the two statutes conflicted since section 302.311 provided for venue in the county of residence, while venue was proper under section 302.535 in the county of arrest. *Id.* The court noted that "[t]he reasons for placing venue of a de novo hearing which invariably will involve an arresting officer in the county of arrest are obvious." *Id.* at 45. Because section 302.535 was the more specific statute and it was enacted later, it would prevail over section 302.311.[3] *Id.* at 46.

**3.** Incidentally, the Director had also argued that Hollis had failed to exhaust his adminis-

trative remedies. *Hollis,* 792 S.W.2d at 45. The court noted that it was unnecessary to

The Supreme Court of Missouri has noted that the purpose of the Suspension and Revocation Administrative Procedure Statute, sections 302.500–302.541, is "to expeditiously remove from Missouri roadways the intoxicated driver[,]" *State ex rel. King v. Kinder*, 690 S.W.2d 408, 409 (Mo. banc 1985), and "to provide an efficient procedure to combat the problem of drunk driving[,]" *Arth v. Dir. of Revenue*, 722 S.W.2d 606, 608 (Mo. banc 1987) (Rendlen, J., dissenting). As such, certain procedures were enacted that were different from the general provisions relating to license revocation or suspension. Two of those that have been discussed above are the venue provision and the scope of judicial review. It is clear that the legislature sought to provide a different statutory scheme for alcohol-related suspension or revocation.

Thus, having found that a conflict exists between the two statutes when read together, this court finds that section 302.535 provides the sole means of review for Nichols. Without exhausting the statutory remedies provided in sections 302.500 302.541, she may not claim a right of review under the general statute, section 302.311.

This court is mindful of those cases where courts have allowed an appeal of a license suspension or revocation due to excessive blood alcohol content to proceed under section 302.311. Those courts have done so only where there has been some error on the part of the Director in the procedures of sections 302.500–302.541 that have rendered judicial review under section 302.535 unavailable. *See Gehrs v. Dir. of Revenue*, 965 S.W.2d 360 (Mo.App. 1998) (finding that review under section

302.311 allowed where Director failed to properly notify Gehr's attorney of the hearing officer's decision); *Whitney v. Dir. of Revenue*, 880 S.W.2d 656 (Mo.App.1994) (finding that appeal may proceed under section 302.311 where Director wrongfully denied administrative hearing); and *Marsala v. Dir. of Revenue*, 793 S.W.2d 492 (Mo.App.1990) (also finding that appeal may proceed under section 302.311 where Director wrongfully denied administrative hearing). In essence, the drivers in those cases had exhausted their administrative remedies, and the only alternative was to proceed under section 302.311. *See Whitney*, 880 S.W.2d at 658.

In both *Whitney* and *Marsala*, the courts found that the Director wrongfully denied the driver an administrative hearing. No such allegation is made in this case. *Whitney*, 880 S.W.2d at 658; *Marsala*, 793 S.W.2d at 494. Thus, the denial of an administrative hearing under section 302.530 prohibited further proceedings under sections 302.500–302.541. As stated above, the procedures of sections 302.500–302.541, and specifically judicial review under section 302.535, contemplate review by the circuit court *after* an administrative hearing. There is no provision for skipping the administrative hearing and proceeding directly to circuit court.[4] See § 302.530.6 (providing that the time for filing an appeal with the circuit court is fifteen days after notification of the department's decision following a hearing). Once the Director denied an administrative hearing, the avenue of judicial review under sections 302.500–302.541 was, in essence, blocked by the Director. The stat-

consider this claim, since venue was improper and the circuit court acted in excess of its jurisdiction. *Id.* at 45–46.

**4.** Another difference in the statutory scheme of sections 302.500–302.541 is the existence

of an administrative hearing pursuant to section 302.530.1 prior to judicial review by the circuit court. Such a hearing is not provided prior to review under section 302.311.

utes no longer provided, procedurally, a means for review. In *Whitney*, 880 S.W.2d at 658, the court specifically noted that "because petitioner followed all statutory requirements to request a hearing, he property sought jurisdiction under section 302.311 after exhausting his administrative remedies." At that point, all that was available was review under section 302.311.

Here, Nichols is attempting to avail herself to judicial review under section 302.311 without exhausting the specific remedies set forth in section 302.535. The practical problems with allowing this further support this court's decision. In addition to providing evidence of a conflict between the statutes, *Hollis* also provides evidence that section 302.311 should not be considered an alternative means of review. In considering the issue in that case, this court notes that to allow consideration under either section 302.311 or section 302.535 would create further ambiguity and confusion in applying these statutes.

The driver in *Hollis* attempted to seek review under section 302.311 after failing to timely file a request for administrative review. *Hollis*, 792 S.W.2d at 45. Because he failed to timely file a request under sections 302.500–302.541, he filed a petition for review under section 302.311 in the circuit court in the county of his residence. *Id.* The Director filed a motion to dismiss arguing that Hollis failed to exhaust his administrative remedies and that venue was improper.[5] *Id.* The trial court overruled the motion and reversed the decision of the Director. *Id.* The court in *Hollis* found that the trial court exceeded its jurisdiction, since the venue provisions of section 302.535, i.e., the county of arrest, prevails over section 302.311's venue provi-

sion, i.e., the county of residence. *Id.* at 46.

■ If this court would find that review under section 302.311 was available under the facts of this case, then a number of problems could arise. First, it would allow a means for review where an individual, as in *Hollis*, failed to follow the procedures outlined in sections 302.500–302.541, and in any other instance would be prohibited from seeking redress by a court. As noted in *Marsala*, 793 S.W.2d at 495, "[i]t is axiomatic in administrative law that before a party can seek the jurisdiction of the court, the party must exhaust administrative remedies." To allow a driver to either willfully or after failing to meet statutory procedures abandon the procedures of one statute, here sections 302.500–302.541, and turn to the provisions of another statute is contrary to this basic principle of administrative law.

Further, to provide for dual review as requested by Nichols, this court would be required to rewrite the statutes in question in order to provide for dual means of judicial review. This is something that the court cannot do. *See Hundley v. Wenzel,* 59 S.W.3d 1, 14 (Mo.App.2001). Based upon the decision in *Hollis* and the venue provision of sections 302.500–302.541, venue must be in the county of the arrest. Thus, if an individual has proceeded through the administrative hearing procedures of sections 302.500–302.541, and then wishes to jump statutes and proceed through section 302.311, this court would have to change the venue provisions of section 302.311.[6] As noted above, section 302.311 clearly provides that venue is proper in the county of residence. However, to prohibit the decision of the hearing

---

5. As noted in footnote 3 above, the court determined that it need not address the claim of exhaustion of remedies in this case.

6. Obviously these problems arise only if the residence and arrest counties are different.

officer from becoming final, section 302.530.6 requires that an appeal be filed in the circuit court of the county of the arrest. As noted in *Hollis,* the venue provisions of section 302.535 prevail over those of section 302.311. Even if a driver followed the letter of the law in *Hollis* and filed the petition in the county of arrest after the administrative hearing under section 302.530.6 requesting review under section 302.311, then the venue requirements of section 302.311 have not been met. This court would have to read into section 302.311 that in cases where review has otherwise proceed under sections 302.500–302.541, then the applicant or licensee may appeal to the circuit court in the county of arrest, in addition to the county of residence. To do so would be contrary to the powers of this court.

This courts holding that section 302.535 provides the sole means for judicial review absent a procedural defect is further supported by the decision of the Eastern District in *State ex rel. Director of Revenue v. Pennoyer,* 872 S.W.2d 516, 518–519 (Mo. App.1994). In *Pennoyer* the drivers [7] filed petitions for declaratory judgment challenging the constitutionality of section 302.535 following a hearing in which the revocation/suspension of their licenses were upheld. *Id.* at 517. They also requested a trial de novo pursuant to section 302.535. *Id.* The trial court issued a Stay Order, staying the revocation/suspension. *Id.* After the Director's motion to quash was denied, the Director sought a writ of prohibition, contending that the trial court "lack[ed] subject matter jurisdiction to entertain the declaratory judgment action in that section 302.535 ... provide[d] the specific and exclusive remedy [.]" *Id.* at 518. The Eastern District agreed, stating that

"[t]he trial de novo procedure is the specific and exclusive statutory remedy, which is adequate for purposes of challenging the department's decision as well as the validity of the underlying statutes." *Id.* at 519. Obviously, this case did not address the specific question before this court—whether section 302.535 is the exclusive remedy with respect to the procedures provided in section 302.311. Nonetheless, it provides further support for this court's determination that section 302.535 was intended to be the sole remedy.

In an attempt to persuade this court otherwise, Nichols argues that the use of the word "may" in section 302.535.1, which provides that an aggrieved person *"may* file a petition for trial de novo by the circuit court," implies alternate possibilities between review under section 302.311 and section 302.535. She claims that other provisions of section 302.535 use the word "shall," which implies that those procedures are mandatory. Such an interpretation is illogical. While the word "may" does suggest alternate possibilities, the alternatives are whether or not to file an appeal. If one follows Nichols' logic, then in order to make review under section 302.535 mandatory, the legislature should have used the word "shall." But to do so would result in a statute that read "[a]ny person aggrieved by a decision of the department *shall* file a petition for trial de novo by the circuit court." To substitute the word "shall" into section 302.535 would result in a statute that requires any and all aggrieved person to file a petition. This would be an absurd result.

▮ Furthermore, Nichols argues that section 302.535 does not provide adequate judicial review because it does not provide for review of administrative hearing officer

---

7. *Pennoyer* concerned a writ of prohibition involving two separate cases, which were consolidated by the court for the purposes of

deciding the writ. One case involved a revocation and the other a suspension.

error. Further, she suggests that the procedures of section 302.535 violate constitutional due process. An individual whose license is suspended does not have the right to a certain type of judicial review. This principle can be implied from the established rule that "the right of appeal is statutory" and "[w]ithout underlying statutory authority there is no right to an appeal." *United Labor Committee, Inc. v. Ashcroft*, 572 S.W.2d 446, 447 (Mo. banc 1978). Thus, Nichols is left only with the means for review provided in section 302.535. Both the Supreme Court of Missouri and this court have determined that the review provided therein is not only adequate, but also broader than is constitutionally required. The Supreme Court specifically held that section 302.535 does not violate constitutional due process rights. *Jarvis v. Director of Revenue*, 804 S.W.2d 22, 25 (Mo. banc 1991). Review under section 302.535, the Court stated, "is considerably more broad than the minimum standard of review mandated by Article V., Section 18." *Id.* Further, this court has specifically held the process contained in sections 302.500–302.541 does not violate constitutional due process, by stating that "[t]he judicial review by trial de novo in the circuit court affords the safeguard necessary to insure due process." *Dove*, 704 S.W.2d at 715.

■ This court finds that the intent of the legislature was to provide section 302.535 as the sole means of judicial review. Where the procedures of section 302.535 are available to a driver whose license has been revoked or suspended, that driver must first avail himself/herself to those procedures. Judicial review under section 302.311 is not an appropriate remedy absent procedural defect that would take a driver out of the ambient of sections 302.500–302.541.

The judgment of the circuit court is affirmed.

All concur.