Robert Luverne VANDEWIELE, Respondent,

v.

DIRECTOR OF REVENUE, Appellant.

Nos. WD 69251, WD 69252.

Missouri Court of Appeals, Western District.

July 14, 2009.

James Artelle Chenault, III, Esq., Jefferson City, MO, for appellant.

J. Kirk Rahm, Esq., Warrensburg, MO, for respondent.

Before ALOK AHUJA, P.J., THOMAS H. NEWTON, C.J., and HAROLD L. LOWENSTEIN, J.

ALOK AHUJA, Judge.

The Director of Revenue appeals the circuit court's determination that she unlawfully suspended Respondent Robert Vandewiele's base driving privilege and disqualified his commercial drivers' license ("CDL"). The Director also appeals the trial court's assessment of costs. For the reasons which follow, we affirm on the merits, but modify the circuit court's judgment pursuant to Rule 84.14 to delete the cost award.

## Factual Background

On January 23, 2006, Vandewiele was arrested for driving while intoxicated in Johnson County, where he resides. At that time, the arresting officer served a notice of suspension/revocation on Vandewiele pursuant to § 302.520.[1]

Vandewiele timely requested an administrative hearing. The Director acknowledged receipt of Vandewiele's hearing request on February 2, 2006, but indicated that she had not yet received the arrest report for the incident, and issued a temporary driving permit to Vandewiele pending receipt of the arrest report.

On February 10, 2006, the Director sent Vandewiele two pages of documents which lie at the center of this appeal. The first page stated in relevant part:

**Notice of Disqualification of Your Driving Privilege from Operating Class A, B and/or C Commercial Motor Vehicle**

On **March 14, 2006,** your privilege to drive a commercial motor vehicle will be

---

1. Unless otherwise noted, all statutory references are to RSMo 2000 and Cum.Supp.2008.

disqualified for one year due to you receiving a driving while intoxicated traffic offense (Refer to sections 302.700 and 302.755, RSMo.).

If you have no other open actions during this disqualification period, you can drive Class E, F or M vehicles. . . .

This disqualification will end at midnight **March 13, 2007**. . . .

This is the final decision of the Director of Revenue. You have 30 days from February 10, 2006, to appeal this decision to the circuit court in your county of residence (Refer to 302.311, RSMo.).

The first page sent by the Director to Vandewiele on February 10, 2006, is unambiguously limited to action against his CDL; indeed, it states that absent "other open actions," Vandewiele could continue to drive Class E, F and M vehicles. The second page, however, is just as clear that Vandewiele's base driving privilege was being suspended simultaneously with the action against his CDL. That page states in relevant part:

**TO COMMERCIAL MOTOR VEHICLE DRIVER DISQUALIFICATION OF COMMERCIAL DRIVER LICENSE (CDL) *AND SUSPENSION/REVOCATION OF BASE DRIVING PRIVILEGE* DUE TO AN ADMINISTRATIVE ALCOHOL ACTION**

The Driver and Vehicle Services Bureau has disqualified you from operating a commercial motor vehicle due to you alcohol offense. *At the same time, your base driving privilege is being suspended/revoked for operating a motor vehicle with a blood alcohol content exceeding the limits provided in Section 302.505 RSMo.*

Please read both notices very carefully to find out the following information:

- How long your commercial driving privilege is disqualified.
- How long your base driving privilege is suspended/revoked.

During the period of time shown on your notices, you should be aware that:

- You cannot drive a commercial motor vehicle during the period of disqualification.
- *You cannot drive any motor vehicle during the period of suspension/revocation, unless you apply for a limited driving privilege* to drive a Class E, F or M vehicle.
- You can only have a restricted driving privilege, when eligible, to drive a Class E, F or M vehicle.

(Italics added.)

According to computer records submitted by the Director, both the suspension of Vandewiele's base driving privilege, and the disqualification of his CDL, were stayed on February 10 pending the administrative hearing which was later held. The Director acknowledged, however, that nothing in the record indicates that Vandewiele was ever informed that the license actions described in the February 10, 2006 notice had been stayed.

Vandewiele filed a petition in the Circuit Court of Johnson County on February 16, 2006, seeking review of the Director's February 10, 2006 action. Vandewiele's petition alleged that the Director's "action in suspending/revoking [Vandewiele's] driving privilege without a hearing or an opportunity to present evidence violated not only Section 10 of Art. I of the Constitution of Missouri but also the statutory laws of Missouri providing for an administrative hearing, required by the provisions of Chapter 302, [RSMo]." Vandewiele prayed for "issuance of a temporary stay order, [and] ultimate judgment on the merits setting aside the revocation/suspension of his

driving privileges and reinstatement of his driving privilege."

The Director held an administrative hearing on March 15, 2006. The Director's counsel admitted at oral argument that no notice of this hearing is contained in the record, nor has any transcript of this hearing been submitted. We therefore have no basis to determine when Vandewiele was notified that an administrative hearing concerning suspension of his base driving privileges would in fact occur, despite the Director's February 10, 2006 letter. As related by the circuit court, at the administrative hearing Vandewiele "contended that the administrative hearing officer was without jurisdiction to proceed with the hearing since a 'final decision' had been rendered by the Director of Revenue on February 10, 2006, and that the decision was on appeal in the Circuit Court of Johnson County, Missouri."

On March 16, 2006, the administrative hearing officer issued "Findings of Fact and Conclusions of Law (Sustain)," notifying Vandewiele (again) of the decision to suspend his base driving privilege pursuant to §§ 302.505 and 302.525. The decision apprised Vandewiele of his right to file a petition for a trial *de novo* no later than the effective date of his suspension. The "Final Order Cover Sheet" accompanying the decision explained that Vandewiele's base driving privilege would be suspended on March 31, 2006, and also that Vandewiele's CDL would be disqualified on April 17, 2006. A separate notice of disqualification of Vandewiele's CDL, effective April 17, 2006, was also issued on March 16, 2006.

In response to the March 16, 2006 notices, Vandewiele filed a second petition seeking judicial review in the Johnson County circuit court on March 28. In that Petition, Vandewiele alleged that the Director had already rendered a "final decision" on February 10, which was the subject of an existing judicial review proceeding, and that the Director accordingly lacked jurisdiction to render a "second" final decision on March 16.

The two cases were consolidated and heard on November 9, 2007. At that time, the parties stipulated to the admission of State Exhibits 1 (the Alcohol Influence Report and supporting documents), and 2 (Vandewiele's driving record). Vandewiele also testified briefly; among other things, his testimony reflects that he had not been convicted of any criminal offense as a result of his January 2006 arrest.

On December 27, 2007, the circuit court issued Final Judgments in both cases. In the first case, the circuit court found that the Director's February 10, 2006 notice "disqualif[ied] [Vandewiele] for one year from driving a commercial motor vehicle due to him receiving a driving while intoxicated offense ... and further notif[ied] him of suspension/revocation of his base driving privilege for operating a motor vehicle with a blood alcohol content exceeding the limits provided by Mo.Rev.Stat. § 302.505." The court concluded that this action was unlawful:

> Since the February 10, 2006, "final decision" of the Director of Revenue appealed from herein was rendered without any hearing, evidence, or opportunity to present evidence, the decision was contrary to the provisions of Chapter 302.505 and also a denial of the due process protection provided to Petitioner by Section 10 of Article I of the Constitution of the State of Missouri.

In its Final Judgment in the second case, the circuit court held that, because the February 10 notice had purported to both suspend Vandewiele's base driving privileges, and disqualify his CDL, the March 16, 2006 actions were made without statutory authority and were in violation of

Vandewiele's due process rights, "because the Director of Revenue ... had already made a final decision on February 10, 2006, and that decision of the Director of Revenue was timely and successfully appealed" in the first case. "[T]here is no statutory authority for the Director of Revenue to make multiple disqualifications or suspensions of a driving privilege for the same alleged event."

Both judgments ordered that Vandewiele's driving privileges be restored, and specified that "[c]osts are taxed to Respondent Director of Revenue."

The Director appealed in both cases. We consolidated the appeals.

## Analysis

### I.

■ In analyzing the propriety of the circuit court's restoration of Vandewiele's driving privileges, we begin with the Director's February 10, 2006 notice. As explained more fully below, the nature of the action taken by the Director on February 10 is, in our view, decisive of this issue.

The Director contends on appeal that the February 10, 2006 notice constituted merely a premature notice of disqualification of Vandewiele's CDL, which was essentially harmless because the disqualification was stayed until after the Director held the administrative hearing Vandewiele had timely requested. According to the Director, Vandewiele's base driving privileges were not affected until the administrative hearing officer's March 16, 2006 issuance of "Findings of Fact and Conclusions of Law (Sustain)," notifying Vandewiele of the decision to suspend his base driving privilege pursuant to §§ 302.505 and 302.525.

To the contrary, we agree with the circuit court's conclusion that the effect of the Director's February 10, 2006 notice was *both* to disqualify Vandewiele's CDL, *and* to suspend his base driving privilege. This is what the second page of the notice unambiguously says. It is entitled, in part, a notice of "suspension/revocation of base driving privilege due to an administrative alcohol action." While the first sentence of the notice refers to the Director's disqualification of Vandewiele's CDL, the next sentence plainly states that "[a]t the same time, your base driving privilege is being suspended/revoked for operating a motor vehicle with a blood alcohol content exceeding the limits provided in Section 302.505 RSMo." The notice specifically advises Vandewiele that "[y]ou cannot drive any motor vehicle during the period of suspension/revocation, unless you apply for a limited driving privilege to drive a Class E, F or M vehicle." [2] The February 10 notice would have led Vandewiele to conclude that the temporary driving permit the Director had issued him on February 2, based on his timely request for an administrative hearing, had likewise been revoked.[3] Based on the February 10

---

2. While the second page of the February 10, 2006 notice advises Vandewiele to "[p]lease read both notices very carefully," the reference to "both notices" could reasonably be read as a reference to the two pages Vandewiele in fact received. While neither page explicitly lists a time period during which the suspension of Vandewiele's base driving privileges would be in effect, "[t]he period of suspension or revocation is statutorily prescribed in § 302.525.2"; "[t]he Department ... has no discretion in determining the length of the

suspension or revocation." *Smyser v. Dir. of Revenue*, 942 S.W.2d 380, 382 (Mo.App. W.D. 1997).

3. The Department of Revenue's February 2 letter, which acknowledged receipt of Vandewiele's hearing request and enclosed his temporary permit, stated that "[i]f your privilege to drive is suspended or revoked at any time, your permit will automatically be canceled on the date the action becomes effective."

"final decision," Vandewiele filed a judicial review proceeding on February 16.

Although the notice the Director provided Vandewiele on February 10, 2006, informed him that both his CDL and base driving privileges had been adversely affected, the Director did so without providing Vandewiele with the administrative hearing he had properly requested, and to which he was entitled prior to revocation or suspension of his base driving privileges under § 302.530.

Two prior cases have dealt with similar situations, where the Director suspended or revoked a driver's base driving privilege without affording the driver the administrative hearing to which he was entitled. In both cases, as here, the Director offered the driver an administrative hearing only after the driver had filed a judicial review proceeding. Both cases hold that the Director's attempts to afford a driver a belated administrative hearing were ineffective.

In *Marsala v. Director of Revenue*, 793 S.W.2d 492 (Mo.App. E.D.1990), the Director mailed the driver a notice of loss of his driving privileges, effective June 11, 1989, without affording him the administrative hearing he had properly requested. On July 10, 1989, the driver filed suit seeking judicial review in the circuit court. Three days later, "Director sent Marsala a letter stating he was going to honor his request for an administrative hearing." *Id.* at 493. The driver did not appear for the administrative hearing which was ultimately held. *Id.* The Director thereafter entered a default against the driver in the administrative proceeding, and moved the circuit court to dismiss the judicial review proceeding for the driver's failure to exhaust his administrative remedies by failing to appear at the belated administrative hearing. *Id.* The Court of Appeals rejected this exhaustion argument, concluding that the belated offer of an administrative

hearing, after taking action to suspend the driver's license, came too late:

[A] month after Director denied Marsala's request for a hearing and suspended his driver's license, [and after Marsala filed his judicial review proceeding,] [the Director] sent him notice that he would now grant his request for a hearing.

This action was after Director's initial decision to suspend Marsala's driver's license. This was too late. He had 30 days to petition for review in the circuit court. § 302.311. He was not unreasonable in thinking Director's decision was final when he did not respond to his second request for a hearing. He would have had to have been a mind reader to know Director would a month later decide to stay the suspension and grant a hearing. Director can hardly be heard to complain of Marsala's failure to exhaust administrative remedies because of his failure to properly follow administrative procedures.

*Id.* at 495.

Similarly, *Whitney v. Director of Revenue*, 880 S.W.2d 656 (Mo.App. E.D.1994), reverses a circuit court's dismissal of a driver's judicial review proceeding for failure to exhaust administrative remedies, where—as in *Marsala* (and here)—the director suspended/revoked the driver's base driving privileges without affording the driver a hearing he had properly requested. Like in *Marsala* (and here), following the driver's filing of a judicial review proceeding, "[t]he Director then offered to give petitioner an administrative hearing," *id.* at 657, but the driver refused. Following *Marsala*, *Whitney* held that the Director cannot insist that a driver participate in an administrative hearing which is scheduled after the Director has taken action against the driver's driving privileges,

and after the driver has filed suit to overturn that action. *Id.*[4]

■ In light of *Marsala* and *Whitney*, we agree with the circuit court that the Director's February 10, 2006 notice suspending Vandewiele's base driving privileges—without providing him the hearing he had properly requested—cannot be sustained.

The issuance of a driver's license is no more than a personal privilege. However, once granted, the license may not be revoked arbitrarily, but only in the manner and on the grounds provided by law. *Smyser v. Dir. of Revenue*, 942 S.W.2d 380, 382 (Mo.App. W.D.1997) (citing *Silman v. Dir. of Revenue*, 880 S.W.2d 574, 576 (Mo.App. S.D.1994)). Section 302.525.1 provides:

The license suspension or revocation shall become effective fifteen days after the subject person has received the notice of suspension or revocation as provided in section 302.520, or is deemed to have received the notice of suspension or revocation by mail as provided in section 302.515. *If a request for a hearing is received* by or postmarked to the department within that fifteen-day period, *the effective date of the suspension or revocation shall be stayed until a final order is issued following the hearing;* provided, that any delay in the hearing which is caused or requested by the subject person or counsel representing that person without good cause shown shall not result in a stay of the suspen-

sion or revocation during the period of delay.

Cases construing the first sentence of § 302.525.1, which specifies that a suspension or revocation becomes effective after actual or deemed receipt of notice by the driver, have held that, "[i]f no notice was given, there was no suspension." *Robinson v. Dir. of Revenue*, 32 S.W.3d 148, 151 (Mo.App. S.D.2000); *see also Webb v. Dir. of Revenue*, 71 S.W.3d 207, 210–11 (Mo. App. W.D.2002). By the same token, the second sentence of § 302.525.1 provides that, if a request for an administrative hearing is properly made, "the effective date of the suspension or revocation shall be stayed until a final order is issued following the hearing." Where a hearing is properly requested, there can be no lawful suspension or revocation unless and until a hearing is held. Under *Marsala* and *Whitney*, the Director's attempt to convene an administrative hearing following the February 10 notice, and following Vandewiele's filing of his judicial review proceeding, is ineffective, and cannot alter the lawfulness of her actions.

■ The same result holds for the disqualification of Vandewiele's CDL. As relevant here, § 302.755.1 provides that "[a] person is disqualified from driving a commercial motor vehicle for a period of not less than one year if convicted of a first violation of: (1)[d]riving a motor vehicle under the influence of alcohol or a controlled substance[.]" *See Jones v. Dir. of Revenue*, 237 S.W.3d 624, 625 (Mo.App.

4. Both *Marsala* and *Whitney* also hold that, where the Director of Revenue wrongfully denies a driver an administrative hearing, the driver may obtain judicial review under the general review statute, § 302.311, rather than under § 302.535, the review provision specifically applicable to suspension or revocation of a driver's license, following an administrative hearing, due to excessive blood alcohol content. *See Marsala*, 793 S.W.2d at 494 ("when

Director denied Marsala an administrative hearing, despite his following the statutory requirements to request a hearing, the specific statutes [found at §§ 302.500–302.504] no longer applied and seeking jurisdiction under the general statute [*i.e.*, § 302.311] was proper"); *Whitney*, 880 S.W.2d at 657; *see also Nichols v. Dir. of Revenue*, 116 S.W.3d 583, 587–88 (Mo.App. W.D.2003) (discussing *Marsala* and *Whitney* ).

E.D.2007). The term "conviction" is statutorily defined as "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative proceeding." § 302.700(8). The Director's counsel conceded at argument that no grounds existed as of February 10, 2006, to disqualify Vandewiele's CDL, since there had been no adjudication of any kind, in a courtroom or administrative proceeding, that Vandewiele had violated relevant law.

## II.

The Director also contends that the trial court erred in assessing costs against her. We agree. "Absent a statute to the contrary, costs are not recoverable from the state in its own courts." *Reed v. Dir. of Revenue*, 834 S.W.2d 834, 837 (Mo. App. E.D.1992). While § 536.087.1 "permits the assessment of costs against the losing party in an agency proceeding or civil action[,] ... drivers' license proceedings are expressly excluded from such assessment pursuant to Section 536.085(1)." *Kisker v. Dir. of Revenue*, 147 S.W.3d 875, 878 (Mo.App. W.D.2004). Vandewiele concedes that the trial court's award of costs is erroneous. Under Rule 84.14, we may "give such judgment as the court ought to give," and will do so here by modifying the judgment to delete the cost award. *See, e.g., Atkins v. Dir. of Revenue*, 6 S.W.3d 428, 429 (Mo.App. E.D.1999) (following same approach).

## Conclusion

For the foregoing reasons the circuit court's decision restoring Vandewiele's base driving privilege and commercial drivers' license is affirmed. Pursuant to Rule 84.14, the judgment is modified to delete the trial court's award of costs against the Director.

All concur.