Erik James **FOLKEDAHL**, Respondent,

v.

**DIRECTOR OF REVENUE**, Appellant.

No. WD 71046.

Missouri Court of Appeals,
Western District.

April 13, 2010.

Jonathan H. Hale, for Appellant.

Jeremy Webb, for Respondent.

Before Division Two: JOSEPH M. ELLIS, Presiding Judge, VICTOR C. HOWARD, Judge and ZEL M. FISCHER, Special Judge.

VICTOR C. HOWARD, Judge.

The Director of Revenue ("the Director") appeals the trial court's judgment sustaining Erik Folkedahl's petition for review pursuant to section 302.311 and setting aside the suspension of Folkedahl's driving privilege.[1] On appeal, the Director claims that the trial court lacked jurisdiction to review the suspension under section 302.311. The judgment of the trial court is reversed and remanded.

**Factual and Procedural Background**

On October 28, 2008, a Missouri State Highway Patrol trooper arrested Erik Folkedahl for driving while intoxicated. Although Folkedahl was driving in Clay County, Missouri, shortly before his arrest, the arrest occurred in Platte County. Following the arrest, Folkedahl was served with a notice of suspension/revocation of his driving privilege, and the arresting officer's alcohol influence report was provided to the Director. The arresting officer erroneously listed Clay County as the county of arrest in the notice of suspension/revocation and the alcohol influence report.

Folkedahl filed a timely request for an administrative hearing pursuant to section 302.530 to review the suspension/revocation. Folkedahl requested an in-person hearing in the county of arrest, but in response to a question on the request form asking for the city and county of arrest, Folkedahl wrote "Unknown." The Director granted Folkedahl's request for an administrative hearing.

Based on the reference to Clay County as the county of arrest in the alcohol influence report, the Director docketed the hearing in Clay County. Folkedahl's attorney appeared at the hearing and argued the case to the hearing officer. At no time

---

1. All statutory references are to RSMo Cum. Supp.2008 unless otherwise indicated.

during the hearing did Folkedahl's attorney object to the hearing being held in Clay County rather than Platte County. After a full hearing was held, the hearing officer issued findings of fact and conclusions of law sustaining the issuance of the notice of suspension/revocation and suspending Folkedahl's driving privilege.

Folkedahl thereafter filed a two-count petition in the Platte County Circuit Court challenging the decision to suspend his driving privilege. In Count I, Folkedahl sought trial de novo pursuant to section 302.535. In Count II, he sought review of the Director's decision pursuant to section 302.311.

The Platte County Circuit Court heard the petition on April 22, 2009. At the beginning of the hearing, Folkedahl voluntarily dismissed the first count of his petition without prejudice. Folkedahl argued that his driving privilege should be reinstated because the Director committed procedural error by conducting the administrative hearing in a county other than the county of arrest. Folkedahl contended that, due to the Director's error, trial de novo was unavailable and that the trial court had jurisdiction to review and set aside the suspension pursuant to section 302.311. The Director argued that Folkedahl's only avenue for seeking relief was to proceed under the petition for trial de novo or to accept the Director's offer to remand the case to the county of arrest for a second administrative hearing.

The trial court issued a judgment in which it sustained the petition for review and set aside the suspension of Folkedahl's driving privilege. This appeal by the Director followed.

**Standard of Review**

■ On an appeal from a petition for review under section 302.311, an appellate court reviews the judgment of the trial court rather than the Director's decision. *Justis v. Wilson*, 18 S.W.3d 606, 609 (Mo. App. W.D.2000). Review of the trial court's judgment is governed by *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and the judgment will be upheld unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Miller v. Dir. of Revenue*, 277 S.W.3d 290, 292 (Mo.App. W.D.2009).

**Discussion**

The Director presents two points of appeal. The Director first claims that the trial court erred in sustaining Folkedahl's petition for review and setting aside the suspension of his driving privileges because the trial court lacked jurisdiction to review the suspension under section 302.311. The Director next claims that the trial court erred in sustaining the petition and setting aside the Director's decision because Folkedahl waived any claim of error regarding the location of the hearing when he failed to raise the issue during the administrative proceedings.

■ We address first the Director's contention that the trial court lacked jurisdiction to review the suspension pursuant to section 302.311 because trial de novo under section 302.535 was still available to Folkedahl. Section 302.535 is part of the Suspension and Revocation Administrative Procedure Act ("SRAPA"), sections 302.500–302.541, "which sets forth 'an orderly process for review of the suspension or revocation of a driver's license in which an administrative hearing is conducted by the department prior to a trial de novo before the circuit court.'" *Nichols v. Dir. of Revenue*, 116 S.W.3d 583, 585 (Mo.App. W.D.2003) (quoting *Jenkins v. Dir. of Revenue*, 858 S.W.2d 257, 260 (Mo.App. W.D. 1993)).

The Department of Revenue ("the Department") suspended Folkedahl's driving privilege under section 302.505.1 of the SRAPA, which authorizes the suspension or revocation of a license upon the Department's determination that the driver was driving while intoxicated. The Department's determination is final unless an administrative hearing is requested and held. § 302.505.2. Any person who has received a notice of suspension or revocation may, within fifteen days of receiving the notice, request a review of the determination at a hearing. § 302.530.1. The hearing may be held by telephone or in-person in the county where the driver was arrested. § 302.530.3. "Unless the [driver], within fifteen days after being notified of the department's decision, files an appeal for judicial review pursuant to section 302.535, the decision of the department shall be final." § 302.530.7.

 Pursuant to section 302.535.1, a person aggrieved by a decision of the Department may file a petition for trial de novo in the circuit court of the county where the arrest occurred. Although the trial de novo is "in theory an appeal of the administrative hearing, [it] is an original proceeding and is not an exercise of review jurisdiction." *Jenkins*, 858 S.W.2d at 260. "At the trial de novo, the parties are allowed to present new evidence, change trial strategy and confront adverse witnesses again without any restraints imposed by the prior administrative proceedings." *Id.* at 260–61. Furthermore, the trial court cannot consider or base its decision upon evidence presented at the hearing or the findings of the hearing officer. *Id.* at 261.

Unlike section 302.535, which is part of the SRAPA, "[j]udicial review under section 302.311 is located in a part of the general provisions relating to drivers' licenses." *Nichols*, 116 S.W.3d at 585. Sec-

tion 302.311 provides that, in the event that a license is suspended or revoked, the driver may appeal to the circuit court of the county of his residence within thirty days after notice that a license is suspended or revoked. The cause shall be heard de novo, and an appeal may be taken from the judgment of the circuit court as in civil cases. *Id.*

In *Nichols*, this court addressed the question of whether sections 302.535 and 302.311 provided dual remedies for judicial review of the Department's decision to suspend a driver's license. 116 S.W.3d at 585. The court found that a driver may not claim a right of review under the general statute, section 302.311, without first exhausting the statutory remedies provided in the SRAPA, i.e., review pursuant to section 302.535. *Id.* at 587. Therefore, the court held that section 302.535 provides the sole means of judicial review and that judicial review under section 302.311 is not available absent a procedural defect that takes the driver out of the ambit of the SRAPA. *Id.* at 590.

In his petition, Folkedahl alleged that section 302.311 provided the jurisdictional basis for judicial review of the Department's decision. Therefore, Folkedahl "bore the burden of proving facts that would authorize the trial court to exercise its jurisdiction pursuant to that statute." *Owen v. Dir. of Revenue*, 256 S.W.3d 605, 608 (Mo.App. S.D.2008). In order to prove that the trial court had authority to proceed pursuant to section 302.311, Folkedahl had to establish that a procedural defect caused by the Department rendered judicial review under section 302.535 unavailable. *Id.* at 608–09. Folkedahl argues that a procedural defect occurred when the Department failed to grant him an administrative hearing in Platte County, the county of his arrest. Consequently, the Department lost jurisdiction due to the defect, and the trial court did not have

jurisdiction to conduct a trial de novo pursuant to section 302.535.[2] Folkedahl asserts that, because the defect caused the Department and the trial court to lose jurisdiction under the SRAPA, he could petition for review under the general statute, section 302.311.

In *Nichols,* this court noted that there are several cases in which courts have allowed an appeal to proceed under section 302.311 when there was a procedural error on the part of the Department which rendered judicial review under section 302.535 unavailable. 116 S.W.3d at 587. In one of those cases, a court found that review under section 302.311 was proper where the Director failed to properly notify the driver's attorney of the hearing officer's decision, which caused the driver's petition for trial de novo to be untimely. *Id.* (citing *Gehrs v. Dir. of Revenue,* 965 S.W.2d 360 (Mo.App. E.D.1998)). In two other cases, courts found that appeals could proceed under section 302.311 where the Director wrongfully denied the driver's request for an administrative hearing. *Id.* (citing *Whitney v. Dir. of Revenue,* 880 S.W.2d 656 (Mo.App. E.D.1994); *Marsala v. Dir. of Revenue,* 793 S.W.2d 492 (Mo.App. E.D. 1990)).

Although the Director set Folkedahl's hearing in the wrong county, the Director's error did not produce the same result as the procedural defects in the cases cited above. Unlike the driver in *Gehrs,* who did not receive proper notice of the hearing officer's decision, Folkedahl promptly received notice of the decision and timely filed his petition for trial de novo. Additionally, unlike the drivers in *Whitney* and *Marsala,* Folkedahl's request

for an administrative hearing was granted, and a full hearing was held.

Furthermore, Folkedahl's case is distinguishable from *Gehrs, Whitney,* and *Marsala* in that, in those cases, statutory prerequisites were not met. In *Gehrs,* the trial court lacked authority to proceed because the driver's petition for trial de novo was filed out of time. 965 S.W.2d at 361. In its discussion of *Whitney* and *Marsala,* the court in *Nichols* noted that the wrongful denial of an administrative hearing under section 302.530 prohibited further proceedings under the SRAPA because the procedures of the SRAPA specifically contemplate review by a circuit court after an administrative hearing. *Nichols,* 116 S.W.3d at 587 (observing that there is no provision in the SRAPA for skipping the administrative hearing and proceeding directly to a circuit court).[3]

Contrary to the circumstances in the cases discussed in *Nichols,* the statutory prerequisites at both the administrative and trial court level were met in Folkedahl's case. Folkedahl requested an administrative hearing within the statutory time limit and with the agency specified in the statute; therefore, Folkedahl's request gave the Department jurisdiction to conduct an administrative hearing. *See Jenkins,* 858 S.W.2d at 261. "Once jurisdiction is validly acquired, the department retains jurisdiction over the case until a final judgment has been rendered." *Id.* at 261–62. A full hearing was held, and a final judgment was rendered prior to Folkedahl's filing of a petition for review. Missouri courts have found that a trial court has authority over a petition for trial de novo pursuant to section 302.535 if the

---

**2.** Folkedahl claims this is the case because the trial court derives its jurisdiction from the jurisdiction of the administrative agency. *See Jenkins,* 858 S.W.2d at 261.

**3.** The court also pointed out that, while an administrative hearing occurs prior to judicial review by the trial court pursuant to the SRAPA, such a hearing is not provided prior to review under section 302.311. *Id.* at 587 n. 4.

petition is filed in the correct circuit court, *Id.* at 262, and if the petition is timely filed, *Gehrs,* 965 S.W.2d at 361. Folkedahl met these requirements when he timely filed his petition for trial de novo in Platte County, the county in which his arrest occurred.

While the Director erroneously set the administrative hearing in a county other than the county in which Folkedahl was arrested, Folkedahl has failed to establish that the error deprived the Department and the trial court of subject matter jurisdiction and rendered a trial de novo pursuant to section 302.535 unavailable. Where Folkedahl met the statutory prerequisites at both the administrative and trial court level, and a full administrative hearing was held, a trial de novo pursuant to section 302.535 was still available.[4] Therefore, section 302.311 did not provide a basis for the trial court to review the suspension of Folkedahl's driving privileges.[5] *See Owen,* 256 S.W.3d at 609. Because the trial court acted without authority in reinstating Folkedahl's driving privileges, the decision is null and void. *Id.*

Because the Director's first point is granted, we need not address the Director's second point on appeal. The judgment is reversed and remanded to the trial court with directions to enter a judgment dismissing Count II of Folkedahl's petition requesting review pursuant to section 302.311.

All concur.

---

4. Furthermore, where the hearing is scheduled in the wrong county, the proper course of action would have been to object and request that the hearing be terminated prior to final judgment and that the cause be transferred to the proper county for a full hearing and final judgment. *See Jenkins,* 858 S.W.2d at 262–63.

5. We make no determination whether Folkedahl is barred from refiling and pursuing Count I of his petition seeking review under section 302.535.